IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**SAMUEL K. ROBINSON v. GLEN TURNER, WARDEN**

**Direct Appeal from the Circuit Court for Hardeman County
No. 05-02-0006   Joe H. Walker, III, Judge**

---

**No. W2005-00371-CCA-R3-HC  - Filed December 29, 2005**

---


The Petitioner, Samuel K. Robinson, appeals the lower court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has failed to allege any ground that would render the judgment of conviction void.  Accordingly, we affirm the trial court's dismissal.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ.  joined.

Samuel K. Robinson, pro se.

Paul G. Summers, Attorney General & Reporter; Brian Clay Johnson, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


The Petitioner Samuel K. Robinson was convicted of ten counts of burglary, six counts of theft of property and six counts of vandalism.  *State v. Samuel K. Robinson*, No. M1999-00559-CCA-MR3-PC, 2001 WL 839639, *1 (Tenn. Crim. App., at Nashville, Jul 25, 2001).  Pursuant to

a plea agreement, the Petitioner received an effective sentence of fifteen years to be served on probation. *Id.* Three weeks later, probation violation warrants issued against the Petitioner. *Id.* The Petitioner represented himself at the hearing, during which he admitted he had violated almost all of the conditions of probation alleged in the revocation warrant. *Id.* The trial court revoked probation and ordered that the Petitioner be incarcerated for the balance of the original sentence. *Id.* Petitioner is currently confined at the Hardeman County Correctional Facility in Hardeman County.

On January 14, 2005, the Petitioner filed a petition for habeas corpus relief. As grounds for relief, Petitioner alleged that the probation revocation of the Petitioner is void because the trial court failed to advise the Petitioner of his right to counsel, failed to inquire into the background, experience or conduct of the Petitioner, failed to authenticate a written waiver and "failed to cause to waiver to spread upon the minutes of the court." Next, Petitioner claimed that the trial court "had no statutory authority to revoke Petitioner's probation." Specifically, he asserted that only the trial judge granting the probation, or his successor, may revoke a defendant's probation. Finally, Petitioner complained that the judgments of conviction reflect both a sentence in the Department of Correction and a sentence of probation. Petitioner contends that these are two distinct sentences that cannot simultaneously exist on a judgment sheet. The trial court denied relief on January 26, 2005, finding that the Petitioner's sentences have not expired and that the court had jurisdiction or authority to sentence a defendant to the sentence received. A timely notice of appeal document was filed.

In this state, the grounds upon which habeas corpus petitions are granted are narrow. Habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer,* 851 S.W.2d at 164. A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if his judgments are void.

First, the Petitioner alleges that the judgment revoking his probation is void because he did not effectively waive his right to counsel at the probation revocation hearing. This is not a proper ground for habeas corpus relief as even if these claims were true, the allegations would merely render the judgments voidable, not void.

2

Next, the Petitioner contends that he is entitled to relief because the judge at the revocation hearing is not the judge who originally imposed sentence. In support of this argument, Petitioner relies upon this Court's decision in *State v. Duke,* 902 S.W.2d 424, 426 (Tenn. Crim. App.1995) (appellate court vacated the revocation order and remanded case to trial court for determination of whether sentencing judge was unavailable when second judge conducted revocation proceeding). The *Duke* decision was based upon the former version of Tennessee Code Annotated section 40-35-311(b), which provided that when a probation revocation proceeding is commenced, "the trial judge granting such probation and suspension of sentence, or his successor, shall ... determine whether a violation has occurred." *Duke,* 902 S.W.2d at 426. This provision was amended by the legislature, however, in 1997 by adding the following language: "[T]he trial judge granting such probation and suspension of sentence, *the trial judge's* successor, *or any judge of equal jurisdiction who is requested by such granting trial judge to do so* shall ... determine whether or not a violation has occurred." *See* T.C.A. § 40-35-311(b)(1997). *See Cox v. State,* 53 S.W.3d 287, 295 (Tenn. Crim. App. 2001), *overruled on other grounds by, Moody v. State,* 160 S.W.3d 512, 516 (Tenn. 2005). The Petitioner's probation was revoked in March 1998, well after the 1997 amendment took effect. Moreover, had there been an anomaly in meeting the statutory dictates on this point, it would not have rendered void the revocation order. *See State v. Billy Gene Oden, Jr.,* No. 01C01-9710-CC-00468, 1998 WL 840007 (Tenn. Crim. App., at Nashville, Dec. 7, 1998) (apparent failure to comply with the request provisions of the 1997 version of section 40-35-311(b) created no opportunity to avoid the revocation when the defendant acquiesced in the substitution of judges and made no contemporaneous objection). Thus, the substitution of judges in the present case provides no basis for *habeas corpus* relief.

Finally, the Petitioner complains that the judgments are void as they illegally reference both a Tennessee Department of Correction Sentence and a sentence to probation. As asserted by the State, it appears that the Petitioner is referring to the original judgments of conviction. The original judgment forms reflect the sentencing court's intent to suspend service of the entire Department of Correction sentence and that the Petitioner would serve the entire sentence on supervised probation. A technical error in the judgment form, if any, does not entitled the Petitioner to habeas corpus relief. *See John Haws Burrell v. Howard Carlton, Warden*, No. E2004-01700-CCA-R3-HC, 2005 WL 544732, *1 (Tenn. Crim. App., at Knoxville, Mar. 8, 2005).

The trial court properly determined that the Petitioner was not entitled to habeas corpus relief. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. MCLIN, JUDGE