IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## ISAAC JONES  v. STATE OF TENNESSEE AND WARDEN STEPHEN DOTSON

**Direct Appeal from the Circuit Court for Hardeman County
No. R.D. 05-02-0053   Joe H. Walker, III, Judge**

-------

**No. W2005-01834-CCA-R3-HC  - Filed April 13, 2006**

-------


The Petitioner, Isaac Jones, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State's motion is granted.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES  and JOHN EVERETT WILLIAMS, JJ.  joined.

Isaac Jones, pro se.

Paul G. Summers, Attorney General & Reporter; Sophia S. Lee, Assistant Attorney General, for the appellee, the State of Tennessee.


## MEMORANDUM OPINION


On November 8, 2002, Petitioner Isaac Jones entered a guilty plea to one count of murder in the second degree.  The judgment form entered by the trial court reflected a sentence of twenty-three years to be served as a range I standard offender. On January 21, 2003, the trial court amended the judgment form to reflect that the Petitioner was a violent offender and that the twenty-three-year

1

sentence was to be served at one hundred percent release eligibility. In the "Special Conditions" box on the judgment form, a notation was made indicating:

1-21-03: Judgment is corrected. The defendant is a violent offender, the sentence is to be served at 100%.

There was no direct appeal of the sentence.

On July 1, 2005, the Petitioner filed an application for habeas corpus relief in the Hardeman County Circuit Court. As grounds for habeas corpus relief, the Petitioner claimed that the trial court lacked jurisdiction to accept the plea agreement imposing a thirty percent release eligibility. Petitioner claimed that the trial court could legally only impose a sentence at one hundred percent release eligibility. Petitioner further argued that had he been made aware of the mandatory one hundred percent release eligibility he would not have entered a guilty plea. Although Petitioner acknowledged the amended judgment form which properly reflected service as a violent offender, the Petitioner contends that this judgment is "VOID and of no legal force, by reason [of] the original proceedings of November 8[th], 2002, were VOID and NULL." On July 18, 2005, the trial court entered an order denying habeas corpus relief. The trial court noted that the Petitioner failed to attach a copy of the plea proceedings supporting his argument that the plea agreement was based upon "30% release." The trial court found that the Petitioner's sentence had not expired and that the criminal court had jurisdiction to impose the sentence. A timely notice of appeal document was filed by Petitioner on August 2, 2005.

The State has filed a motion with this Court requesting summary affirmance of the lower court's dismissal pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. In support of its position, the State asserts that the judgment of conviction was amended to reflect a legal sentence. Accordingly, the State contends that the sentence is not void.

In this state, the grounds upon which habeas corpus petitions are granted are narrow. Habeas corpus relief only addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate relief. However, where the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell,* 59 S.W.3d 90, 93 (Tenn. 2001) (citing T.C.A. § 29-21-109 (2000); *see, e.g., Archer,* 851 S.W.2d at 164 (parenthetical omitted)). The Petitioner does not contend that his sentences have expired, thus, he is only entitled to relief if the judgment is void.

2

The Petitioner was charged with first degree murder and entered a plea to the lesser offense of murder in the second degree. Section 40-35-501(i), Tennessee Code Annotated, provides that a sentence for the offense of second degree murder be served at one hundred percent. An amended judgment was entered by the trial court to reflect service at one hundred percent, rather than thirty percent as originally imposed. While the original judgment in this case would be void as it provided for an illegal sentence, this judgment was amended and the amended judgment is the one under which the Petitioner is being held. The trial court's original imposition of a thirty percent release eligibility date was in direct contravention of law and was subject to correction at any time and was so corrected by the trial court. *See Tyrone D. Conley v. Howard Carlton*, No. E2005-00049-CCA-R3-HC, 2005 WL 2862967, * 4 (Tenn. Crim. App., at Knoxville, Nov. 2, 2005) (Tipton, J., concurring) (citing *Moody v. State*, 160 S.W.3d 512, 515-516 (Tenn. 2005) (citation omitted)). Accordingly, any claim that the judgment is void is without merit.[1]  *See, e.g., Tyrone D. Conley v. Howard Carlton*, No. E2005-00049-CCA-R3-HC, 2005 WL 2862967, * 4 (amended judgment reflecting proper sentence not void); *Tyrone D. Conley v. State,* No. E2004-02480-CCA-R3-PC, 2005 WL 1412118, at * 2 (Tenn. Crim. App., at Knoxville, Jun. 16, 2005) (same); *Michael D. O'Guin v. Kevin Myers*, No. M2003-02846-CCA-R3-HC, 2004 WL 2290487, at *2 (Tenn. Crim. App., at Nashville, Oct. 12, 2004), *perm. to appeal denied*, (Tenn. Feb. 28, 2005) (same).

In as much as the Petitioner alleges that the thirty percent release eligibility reflected in the original judgment of conviction was a condition of his plea agreement, the Petitioner has failed to provide this Court with the transcript of his guilty plea proceeding, the plea agreement, or the transcript of the proceedings that resulted in the amended judgment. Moreover, as noted by a panel of this Court in *Tyrone D. Conley v. State,* any challenge to the trial court's authority to change the Petitioner's release eligibility should be addressed as a post-conviction claim as the error, if any, renders the judgment voidable, not void. *Tyrone D. Conley v. State*, No. E2004-02480-CCA-R3-PC, 2005 WL 1412118, at * 2. In the present case, the trial court considered the claim as one for post-conviction relief and found the claim time-barred. We agree. A petition for post-conviction relief must be filed one (1) year after the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final. *See* T.C.A. § 40-30-102(a). The petition filed on July 1, 2005, is clearly time-barred.

The Petitioner has failed to establish by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired. Moreover, if treated as a petition for post-conviction

---

[1]

The cases relied upon by this Court are factually analogous to those presently before this Court. In *Tyrone D. Conley v. Howard Carlton*, the petitioner pled guilty to second degree murder. The trial court entered judgment reflecting a twenty-year sentence with release eligibility after service of thirty percent. Nearly two years later, the trial court entered an amended judgment altering the petitioner's release eligibility to one hundred percent. The petitioner later sought habeas corpus relief on the basis that the trial court was without authority to amend the judgment of conviction to reflect one hundred percent release eligibility. This Court rejected the argument holding that the trial court could correct an illegal sentence at any time and that the judgment under which the petitioner was being held was not void. *Tyrone D. Conley v. Howard Carlton*, No. E2005-00049-CCA-R3-HC, 2005 WL 2862967, * 4; *Tyrone D. Conley v. State,* No. E2004-02480-CCA-R3-PC, 2005 WL 1412118, at * 2.

relief, the petition is time-barred.  Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

J.C. MCLIN, JUDGE