IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2008

## HARRISON MELVIN X. PEARISON v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5031     Robert E. Cupp, Judge**

—————————

**No. E2007-02525-CCA-R3-HC - Filed August 14, 2008**

—————————

The petitioner, Harrison Melvin X. Pearison, was denied habeas corpus relief by the Johnson County Criminal Court from his 1997 conviction for aggravated arson and twenty-year sentence at 100 percent service. On appeal, he contends that the amended judgment with 100 percent service is void and that he is entitled to serve the sentence at thirty percent as originally imposed. Upon review, we hold that the trial court properly dismissed the petition and affirm its order dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Harrison Melvin X. Pearison, Jr., Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

### OPINION

According to the record, the petitioner was convicted of aggravated arson in 1997 for burning his home on March 1, 1996. He received a twenty-year sentence to be served as a Range I offender at thirty percent release eligibility. The petitioner alleges that after he was incarcerated, the Department of Correction notified him that his sentence was contrary to Tennessee Code Annotated section 40-35-501(i), requiring 100 percent service for certain enumerated felonies, including aggravated arson. The petitioner was told that the trial court would be entering an amended judgment, although he alleges that he was never provided with a copy of the amended judgment. He filed the present action seeking habeas corpus relief alleging both his original and amended judgments were void because he was first illegally sentenced as a Range I offender to serve twenty years for aggravated arson with thirty percent release eligibility and that the conviction court had no jurisdiction to amend the judgment subsequently to require 100 percent service. In an amended petition, he raised the additional ground that he was improperly sentenced above the presumptive sentence of fifteen years based upon facts found by the trial court, contrary to his Sixth Amendment

right to a jury trial as expressed in <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856 (2007) and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004). The trial court found that the petitioner did not state a cognizable claim and dismissed the petition.

On appeal, the petitioner argues that the sentence with 100 percent service is void because he does not have the required number of felonies to be classified as anything other than a Range I offender. He argues, contrary to his position in the trial court, that the sentence with thirty percent service should stand. He has not pursued the Sixth Amendment claim on appeal. The state responds that the trial court correctly dismissed the petition first, because the petitioner failed to follow the procedural requirements for habeas corpus relief, which required him to attach a copy of the judgment from which he sought relief, and second, because a trial court retains authority at any time to correct an erroneous judgment, which was what occurred in the present case.

Regarding the state's procedural default argument, it is correct that, in general, a petitioner is required to attach a copy of the judgment to his petition. T.C.A. § 29-21-107(b)(2). The statute provides, however, that if a copy is not attached, "a satisfactory reason [must be] given for its absence." <u>Id.</u> The incarcerated petitioner alleged that he was never provided with a copy of the amended judgment, and he attached instead documents from the Department of Correction's records regarding the terms of his sentence. Moreover, the trial court had the discretion to consider the merits of the petition, even if the documents were not attached. <u>See</u> <u>Hickman v. State</u>, 153 S.W.3d 16, 21(Tenn. 2004). The trial court considered the petition's merits, and we will consider the merits of this appeal.

We note that although the petitioner's original sentence of twenty years at thirty percent was contrary to the law, the amended sentence requiring 100 percent service was in accord with statute. <u>See</u> T.C.A. § 40-35-501(i)(1), (i)(2)(J). Trial courts retain the authority to correct illegal sentences at any time, even those which have become final. <u>Moody v. State</u>, 160 S.W.3d 512, 516 (Tenn. 2005); <u>State v. Burkhart</u>, 566 S.W.2d 871, 873 (Tenn. 1978). Thus, the subsequent action that the petitioner alleges was taken by the Hamilton County Criminal Court to correct the original sentence was not outside that court's jurisdiction and did not result in a void sentence. The trial court properly found that the petitioner failed to state a cognizable claim in this regard.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE