# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT JACKSON

Assigned on Briefs April 10, 2012

## MICHAEL LINDSEY v. JOE EASTERLING, WARDEN

**Appeal from the Circuit Court of Hardeman County**
**No. 11-CR-150     Joe Walker, Judge**

**No. W2011-01897-CCA-R3-HC  - Filed June 28, 2012**

Michael Lindsey ("the Petitioner"), pro se, filed a petition for writ of habeas corpus, alleging that the sentence on his second degree murder conviction is illegal, and therefore, his judgment of conviction was void. The habeas corpus court denied relief without a hearing. The Petitioner then filed this appeal. Upon our thorough review of the record and applicable law, we affirm the judgment of the habeas corpus court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment
### of the Circuit Court Affirmed

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Michael Lindsey, pro se, Whiteville, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

The record on appeal consists of the Petitioner's pro se petition for writ of habeas corpus, including numerous attachments, and the habeas corpus court's order denying relief. Upon our review of the record before us, as well as this Court's most recent opinion dealing with the Petitioner's case, see Michael Lindsey v. State, No. W2006-02518-CCA-R3-PC, 2007 WL 2713375, at *1 (Tenn. Crim. App. Sept. 18, 2007), we have gleaned the following abbreviated history.

In 1989, a jury convicted the Petitioner of second degree murder, a crime he committed in December 1985. After a hearing, the trial court sentenced the Petitioner to a Range II sentence of seventy years' incarceration. The Petitioner appealed, challenging (1) the trial court's ruling that the State would be allowed to impeach the Petitioner with his prior convictions if he chose to testify and (2) the sufficiency of the evidence. This Court affirmed the trial court's judgment. See State v. Michael Lindsey, C. C. A. No. 35, 1990 WL 14557, at *3 (Tenn. Crim. App. February 21, 1990). The Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court. See Michael Lindsey v. State, 2007 WL 2713375, at * 1.

In July 2005, the Petitioner filed a petition for writ of error coram nobis "and/or" post-conviction relief, alleging that his sentence was "illegal, void, and voidable" because he was sentenced under the 1982 Sentencing Act rather than the 1989 Sentencing Act. The trial court denied relief, and this Court affirmed on the basis that, "[u]nder the plain language of the statute, he was not entitled to sentencing under the 1989 Act." Id. at *2.

In the instant petition for writ of habeas corpus, the Petitioner contends that his Range II sentence is illegal because the trial court lacked the authority to characterize his second degree murder as an "especially aggravated offense" subjecting him to a Range II sentence. See Tenn. Code Ann. § 40-35-107 (Supp. 1985) (repealed). The Petitioner also complains about the trial court's use of enhancement factors. The court below denied relief on the basis that these issues had been previously determined. We respectfully disagree that the section -107 issue raised by the Petitioner in his current petition previously has been ruled upon, and the State concedes this point. Nevertheless, the Petitioner is not entitled to relief.

**Analysis**

*Standard of Review*

"Whether to grant relief upon review of the denial of a petition for a writ of habeas corpus is a question of law." Cantrell v. Easterling, 346 S.W.3d 445, 448 (Tenn. 2011). "Accordingly, our review is de novo with no presumption of correctness given to the conclusions of the court below." Id.

*Illegal Sentences*

The gist of the Petitioner's complaint is that the sentence for his second degree murder conviction is illegal. An illegal sentence may be grounds for habeas corpus relief. See id. at 453 (citing Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005)). "An illegal sentence is one which is 'in direct contravention of the express provisions of [an applicable statute], and

consequently [is] a nullity,'" or one which is "not authorized under the applicable statutory scheme." Id. at 452 (quoting State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)).

The Petitioner committed the second degree murder at issue in December 1985. He was tried before a jury and convicted in January 1989. The trial court sentenced the Petitioner to seventy years of incarceration after finding him to be a Range II, persistent offender on two bases: (1) his prior convictions, see Tenn. Code Ann. § 40-35-106 (Supp. 1985) (repealed), and (2) its finding that the Petitioner had committed an especially aggravated offense. See id. § 40-35-107 (Supp. 1985) (repealed). The Petitioner now alleges that his sentence is illegal, complaining that the trial court was without authority to sentence him on the basis of finding the second degree murder to be an "especially aggravated offense" and/or that sentencing the Petitioner to a Range II sentence on the basis of an "especially aggravated offense" was in direct contravention of the applicable statute. See Tenn. Code Ann. § 40-35-107 (Supp. 1985) (repealed).

Filed as an exhibit to the Petitioner's petition for writ of habeas corpus is a copy of the transcript of his sentencing hearing, conducted on February 22, 1989. At the hearing, the State introduced proof that the Petitioner had pled guilty in 1979 to second degree murder and two counts of robbery with a deadly weapon. He subsequently pled guilty to third degree burglary and grand larceny, committed in 1986. After argument, the trial court ruled as follows:

> Based on the proof, the Court is of the opinion the State has proved that [the Petitioner] is a persistent offender, as well as committing an especially aggravating offense in the event that he caused death in this particular case when he had already been convicted of a death in 1979.
>
> Honestly, the Court can't find any mitigating factors under 40-35-110, but there are a number of enhancement factors which could justify the Court in raising them, as defined in 40-35-111 of the T.C.A.
>
> He does have a history of criminal conduct and convictions. We do have an offense involving more than one victim. We had a situation where a firearm was employed, and the defendant had no hesitation about committing a crime when the risk to human life was high. Those are the ones that the Court isolates in this particular case, based upon the facts adduced in the trial, and the reasons why I feel there will be some enhancement.
>
> . . .

Mr. Lindsey, in cause number 88-3169, on a jury having found you guilty of murder in the second degree, as included in the indictment, you're confined seventy years at the Department of Correction, as a range two persistent offender and for especially aggravated offense[.]

Additionally, we note that the Petitioner's judgment order provides that he was convicted of a Class X felony and sentenced as "(a persistent offender, Range II,) or (sentenced for an especially aggravated offense, Range II) or (a persistent offender and is sentenced for an especially aggravated offense, Range II)."

The Petitioner's argument that the trial court erred in classifying him as a Range II offender, even if correct, avails him no relief in this habeas corpus proceeding. Our supreme court has made clear that errors by the trial court in assigning range classification are the types of errors that must be presented on direct appeal. See Cantrell, 346 S.W.3d at 458. According to the Tennessee Supreme Court,

> While a trial court may make an error in offender classification, the error is not going to render the sentence illegal so long as the classification falls within the purview of the Sentencing Act. That is because the trial court had the *jurisdiction* to make the error. . . . Correction of an alleged error in offender classification must be sought on direct appeal.
>
> . . .
>
> [A]n allegedly erroneous offender classification does not create an illegal sentence so long as the offender classification is available under the Sentencing Act.

Id. at 458-59.

The Petitioner was convicted of second degree murder, a Class X felony. Tenn. Code Ann. § 39-2-211(c) (Supp. 1985) (repealed). Defendants who committed Class X felonies in 1985 were subject to a sentencing range of ten years to life. See Tenn. Code Ann. §§ 40-35-112(b) (Supp. 1985) (repealed); 39-2-212 (1982) (repealed). Our sentencing provisions in effect at the relevant time provided for Range II sentences. See Tenn. Code Ann. §§ 40-35-106 (Supp. 1985), 40-35-107 (Supp. 1985). Accordingly, the trial court had the authority to sentence the Petitioner as a Range II, persistent offender to a term of seventy years.

Any complaint the Petitioner may have had about his range classification was cognizable in his direct appeal, but is not a valid claim for relief in this habeas corpus

-4-

proceeding. See also Edwards v. State, 269 S.W.3d 915, 924 (Tenn. 2008) ("Simply stated, habeas corpus relief is not available to correct errors or irregularities in offender classification."); James K. Robbins v. David D. Mills, Warden, No. E2010-02376-CCA-R3-HC, 2012 WL 682226, at *3 (Tenn. Crim. App. Mar. 1, 2012) (petitioner's claim that evidence presented at his 1987 sentencing hearing did not support his classification as a Range II offender did not set forth a cognizable claim for habeas corpus relief).

Similarly, the Petitioner's complaint about the trial court's use of enhancement factors is not cognizable in this habeas corpus proceeding. See Cantrell, 346 S.W.3d at 451 (explaining that alleged errors in application of mitigating and enhancement factors "are to be addressed on direct appeal and *not* in a . . . habeas corpus proceeding"). Accordingly, the Petitioner is entitled to no relief on this issue.

## **Conclusion**

The Petitioner has not presented a claim which entitles him to a writ of habeas corpus. Accordingly, we affirm the habeas corpus court's order denying the Petitioner's claim for relief.

_____
JEFFREY S. BIVINS, JUDGE