IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 7, 2011

**KENNETH RICH v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Lake County**
**No. 11CR9556        R. Lee Moore, Jr., Judge**

**No. W2011-00891-CCA-R3-HC  - Filed July 25, 2012**

Petitioner, Kenneth Rich, appeals from the habeas corpus trial court's order dismissing, without an evidentiary hearing, the petition for writ of habeas corpus relief filed by Petitioner.  After reviewing the entire record, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Kenneth Rich, Tiptonville, Tennessee, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

From the petition and the documents filed with it the following facts are gathered from the record.  Petitioner was indicted in the Overton County Criminal Court for the offense of first degree murder.  The offense occurred on December 17, 2000.  Pursuant to a negotiated plea agreement on February 5, 2004, Petitioner pled guilty to the lesser included offense of second degree murder and received an agreed sentence of fifteen years.  Using a uniform judgment form, the trial court entered a judgment (hereinafter "March judgment") over a month later, on March 12, 2004.  A part of the provisions regarding the sentence in the March judgment was in direct contravention of an express provision of an applicable statute.  Specifically, the March judgment provided that Petitioner was sentenced as a standard

offender with a 30% release eligibility date ("RED"). The 30% RED was in direct contravention of Tennessee Code Annotated sections 40-35-501(i)(1) and (2) which mandated that for any second degree murder committed on or after July 1, 1995, "[t]here shall be no release eligibility" and a person committing such offense "shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Tenn. Code Ann. § 40-35-501(i)(1).

On May 25, 2004, the trial court entered a "corrected judgment" (hereinafter "May judgment") which is identical to the March judgment except the sentencing was changed from 15 years as a standard 30% offender to a violent 100% offender. In addition, the following sentences were added in the "special conditions" section of the May judgment: "The original judgment in this case is being corrected because the box for 'standard 30%' was incorrectly checked on the original judgment. This corrected judgment contains a checkmark in the box for 'violent 100%.'" The corrected judgment was not signed by Petitioner or by his trial counsel, and there is no certificate of service indicating that a copy of the corrected judgment was sent to Petitioner or his counsel, notwithstanding the fact that an Assistant District Attorney signed the corrected judgment.

The petition for habeas corpus relief was filed on March 11, 2011, in Lake County where Petitioner was incarcerated. Taken in complete context, and liberally construed, the petition alleges four grounds for habeas corpus relief, which will be addressed by this Court not in the order presented in the petition. The habeas corpus court, in a detailed and extensive order, ultimately ruled that Petitioner stated no colorable claim for habeas corpus relief.

The four grounds for habeas corpus relief alleged by Petitioner are:

- Petitioner was denied his right to a speedy trial on the charge of first degree murder.

- Petitioner had ineffective assistance of counsel during the proceedings leading up to and including the guilty plea.

- The guilty plea was not knowingly and voluntarily entered because of ineffective assistance of counsel and mental infirmity of Petitioner at the time of the guilty plea.

- The sentence imposed in the March judgment was illegal and void and could not be modified by a subsequent "corrected judgment."

Our supreme court has held that

> . . . the writ of habeas corpus will issue only in the case of a void judgment or to free a prisoner after his term of imprisonment or other restraint has expired. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).  Unlike a post-conviction petition, a habeas corpus petition is used to challenge void and not merely violable judgments.  *Id*.  A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity.  *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998).  A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment.  *Id*.

*Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007).

As to all of the first three grounds for relief listed above, it is clear that the judgment would only be *voidable* and not *void*.  Proof of a denial of a speedy trial and ineffective assistance of counsel cannot be ascertained merely from the judgment or records of the proceedings without additional evidence being presented.  Accordingly, the habeas corpus court clearly committed no error in dismissing the habeas corpus petition as to these grounds.  Furthermore, Petitioner is not entitled to habeas corpus relief as to the fourth ground which alleges that his judgment is void because of an illegal sentence in the March judgment, which could not be rectified in the May judgment.  Our supreme court has held that a trial court can correct an illegal sentence at any time through the habeas corpus procedure.  *Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978) and *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005)).  A sentence in a judgment which designates a RED that is specifically prohibited by statute is an "illegal sentence."  *Cantrell*, 346 S.W.3d at 452.  In *Cantrell* our supreme court noted that if that illegal sentence was the result of "a material condition of a plea agreement, then the [petitioner] must be given the opportunity (a) to withdraw his plea and stand trial on the original charges or (b) to enter into a legal plea agreement."  *Id*. at 456.

However, prior to the filing of the habeas corpus petition by Petitioner in this case, our General Assembly amended Tennessee Code Annotated section 29-21-101, effective June 11, 2009.  *See Cantrell*, 346 S.W.3d at 456, n. 11.  That statute provides the grounds for the writ of habeas corpus and states,

**29-21-101.  Grounds for writ.**

(a) Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in subsection (b) and in cases

-3-

specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the case of such imprisonment and restraint.

(b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:

(1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing;

(2) The petitioner's sentence included a release eligibility percentage where the petitioner was not entitled to any early release; or

(3) The petitioner's sentence included a lower release eligibility percentage than the petitioner was entitled to under statutory requirements.

Tenn. Code Ann. § 29-21-101.

Essentially, the General Assembly stated that three categories of alleged grounds for relief, whenever a person is sentenced pursuant to a guilty plea and a negotiated sentence, cause the judgment to be merely *voidable* and **not** void. The petition in this case was filed after the effective date of the amendment to Tennessee Code Annotated section 29-21-101, and therefore that new statutory provision acts to deny Petitioner relief on his fourth alleged ground for relief. *See generally Cantrell*, 346 S.W.3d at 456, n. 11. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the habeas corpus court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-