# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 8, 2004 Session

## MICHAEL R. MOODY v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 64260     Ray Jenkins, Judge**

---

### No. E2003-01131-SC-R11-PC - Filed February 22, 2005

---

The petitioner, Michael Robert Moody, filed a "Motion to Correct Errors in Judgment" in which he claimed that the two sentences requiring him to register as a sexual offender are illegal. The trial court dismissed the motion, and the Court of Criminal Appeals denied Moody's request for discretionary review through the common law writ of certiorari. We conclude that the writ of certiorari is not available to review the denial of a motion to correct an illegal sentence and that a habeas corpus action, not a motion, is the proper procedure for collaterally attacking an illegal sentence. Accordingly, we affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON and WILLIAM M. BARKER, JJ., and J.S. DANIEL, SP.J. joined.

Richard L. Gaines, Knoxville, Tennessee, for the Appellant, Michael R. Moody.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Brent C. Cherry, Assistant Attorney General, for the Appellee, State of Tennessee.

## OPINION

### BACKGROUND

In November 1999, the petitioner, Michael Robert Moody, was convicted of aggravated assault and spousal sexual battery. The trial court sentenced him to consecutive sentences of six years for aggravated assault and four years for spousal sexual battery. By agreement of the parties, Moody was placed on probation under an enhanced supervision program applicable to sexual offenders. Both judgment forms required Moody to register with the Tennessee Bureau of Investigation as a convicted sexual offender. Moody neither sought a direct appeal of his convictions

and sentences nor challenged them in a post-conviction or habeas corpus proceeding. In May 2000, the trial court revoked Moody's probation and ordered Moody to serve his sentences in confinement. The Court of Criminal Appeals affirmed.

In January 2003, Moody filed a *pro se* "Motion to Correct Errors in Judgment" in the trial court in which he challenged the legality of the sentences requiring him to register as a sexual offender. The trial court denied the motion without addressing the registration issue, and Moody appealed the denial by filing a petition for writ of certiorari in the Court of Criminal Appeals. The Court of Criminal Appeals recognized that spousal sexual battery is not listed as a "sexual offense" requiring registration. However, the court held that Moody should have sought relief through a habeas corpus petition rather than by filing a motion to correct errors in the judgment in the trial court and a petition for writ of certiorari on appeal. We granted review and appointed counsel to represent Moody for purposes of this appeal.

## ANALYSIS

Moody contends that aggravated assault and spousal sexual battery are not sexual offenses for registration purposes under the Sexual Offender Registration and Monitoring Act. See Tenn. Code Ann. § 40-39-102(3) (1997) (defining "sexual offense" under the act).[1] Moody therefore asserts that the registration requirement renders his sentences illegal and that the Court of Criminal Appeals erred in refusing to review his claim through a writ of certiorari. We affirm the denial of certiorari review and take this opportunity to clarify the proper procedure for seeking review of illegal sentence claims at both the trial level and on appeal.

The common law writ of certiorari has been codified in Tennessee Code Annotated section 27-8-101(2000), which provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Generally, the writ of certiorari is limited in application and may not ordinarily be used "to inquire into the correctness of a judgment issued by a court with jurisdiction." State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002) (citing State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978)). The writ properly applies, however, when the action of the trial court is without legal authority and where no other "plain, speedy or adequate remedy" is available. See Adler, 92 S.W.3d at 401; Tenn. Code

---

[1] A 2002 amendment redesignated subsection (3) as (5). See Tenn. Code Ann. § 40-39-102 (2003). The definition of "sexual offense" is currently codified under § 40-39-202(16) (2004 Supp.). See 2004 Tenn. Pub. Acts, c. 921 § 4 (effective August 1, 2004).

Ann. § 27-8-101 (2000). While Moody clearly is challenging the legal authority of the trial court, it is equally clear that another "plain, speedy, or adequate remedy" is available to Moody.

Moody could have presented his illegal sentence claims in a habeas corpus proceeding with an appeal as of right from the denial of habeas relief. See Tenn. Code Ann. § 29-21-127(a) (2000); Tenn. R. App. P. 3(b). Habeas corpus relief is proper if the petition demonstrates that the challenged judgment is void, as opposed to merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Richie, 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted).

Despite the availability of a habeas corpus action for illegal sentence claims, the Court of Criminal Appeals has occasionally reviewed these claims through the common law writ of certiorari. See Cox v. State, 53 S.W.3d 287, 294 (Tenn. Crim. App. 2001). In Cox, the Court of Criminal Appeals recognized that our decision in State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978), has been read as supporting the propriety of a motion to correct an illegal sentence and of a writ of certiorari as the method of review. Cox, 53 S.W.3d at 291. In Burkhart, the petitioner filed the functional equivalent of a motion to correct an illegal sentence in the trial court. The Court of Criminal Appeals denied relief, holding that the trial judge could not correct the judgment after it had become final although the sentence was illegal. We reversed the intermediate appellate court, holding that, "As a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final." Burkhart, 566 S.W.2d at 873.

We adhere to the rule stated in Burkhart that a trial judge may correct an illegal sentence at any time. However, Cox's reliance on Burkhart as supporting certiorari review of the denial of a motion to correct an illegal sentence is misplaced. Burkhart predated the Tennessee Rules of Appellate Procedure, which became effective on July 1, 1979. A principal purpose of the Rules of Appellate Procedure is to bring together in one place a simplified, coherent, and modern body of law. Advisory Commission Comments to Tenn. R. App. P. 1. These rules are intended to replace the appellate court procedure that was governed by scattered provisions of the Tennessee Code and the rules and decisions of the appellate courts. Id. Tennessee Rule of Appellate Procedure 3(b) does not authorize a direct appeal of a dismissal of a motion to correct an illegal sentence, the method of attack utilized by Moody. We clarify that the proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure. See Stephenson v. Carlton, 28 S.W.3d 910, 912 (Tenn. 2000) (holding that an illegal and void sentence was properly challenged in a petition for writ of habeas corpus).[2]

---

[2] A void or illegal sentence also may be challenged collaterally in a post-conviction proceeding when the statutory requirements are met. See State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987).

Moody acknowledges that he failed to comply with the procedural requirements for a habeas corpus action. See Tenn. Code Ann. § 29-21-107 (2000). The procedures for filing a habeas corpus petition are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. These procedures are "mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). However, there is no habeas corpus statute of limitations. See Hickman v. State, ___ S.W.3d ___, ___ (Tenn. 2004). Because this remedy exists, the writ of certiorari is not available to review an illegal sentence claim that has been presented through a motion. Cf. Adler, 92 S.W.3d at 401 (holding that because no remedy exists for an erroneous grant or denial of an expungement order, the writ of certiorari is available as a method of seeking review of such an error). Therefore, we deny Moody's writ of ceritorari without prejudice to a habeas corpus action presenting his illegal sentence claims.

**CONCLUSION**

A habeas corpus action is the proper procedure for collaterally challenging an illegal sentence. Although a trial court may correct an illegal sentence at any time, appellate courts may not review the denial of a motion to correct an illegal sentence through the common law writ of certiorari. Accordingly, we affirm the judgments of the lower courts dismissing Moody's case.

The record indicates that Moody is indigent. Therefore, the costs of appeal are taxed to the State of Tennessee.

 

_____
JANICE M. HOLDER, JUSTICE