IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 27, 2005

## TYRONE D. CONLEY v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 4497          Lynn W. Brown, Judge**

———————————————

**No. E2005-00049-CCA-R3-HC - Filed November 2, 2005**

———————————————

JOSEPH M. TIPTON, J., concurring.

I concur in the result reached in the majority opinion. However, I do so on the merits, as opposed to the petitioner's failure to follow procedural requirements for habeas corpus petitions.

The majority opinion cites Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004), in stating that the procedural requirements are mandatory and must be scrupulously honored. However, our supreme court also noted in Hickman that the trial court "may instead choose to afford the petitioner an opportunity to comply with the procedural requirements, or the habeas corpus court may choose to adjudicate the petition on its merits." Id. at 21.

In the present case, although one of the arguments made by the state dealt with the petition's procedural deficiencies, I view the state's motion and the trial court's dismissal order to focus on the merits of the petition. That is, the specific issue addressed in them dealt with whether the petition supported a finding that the petitioner's conviction was void or that his sentence had expired. In this regard, when the trial court chose to resolve the habeas corpus petition on the merits, without concern for procedural deficiencies or for the opportunity to correct such deficiencies, we should not then rely on the deficiencies to defeat an appeal.

The petitioner's central claim is that the trial court did not have jurisdiction to amend his second degree murder judgment by removing the thirty percent release eligibility and imposing service of one hundred percent of the sentence. Pursuant to T.C.A. § 40-35-501(i) a sentence for second degree murder requires service of the sentence without parole, allowing only for sentence credits for fifteen percent of the sentence. The trial court's imposition of a thirty percent release eligibility date was in direct contravention of law, subject to correction at any time. See Moody v.

State, 160 S.W.3d 512, 515-16 (Tenn. 2005) (citing State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)).  I conclude that the petition has no merit.

_____
JOSEPH M. TIPTON, JUDGE