# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 1, 2006 Session

## CARRI CHANDLER LANE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 02-02581     W. Fred Axley, Judge**

---

**No. W2005-01998-CCA-R3-CD  - Filed June 18, 2007**

---

Wedemeyer, Robert W., Judge, dissenting.

I am, respectfully, unable to join in the majority's reversal of the trial court's denial of the Appellant's motion to modify court-ordered restitution. The majority notes, and I completely agree, that there is no proper avenue of appeal to this Court via Tennessee Rule of Appellate Procedure 3(b). However, in my view, this case is not a proper application of the Court's power to grant a writ of certiorari.

The majority very carefully and concisely lays out its view of the law with respect to the granting of a writ of certiorari, and comes to the ultimate conclusion that "the writ would properly lie [ ] when 'the action of the trial judge constituted a plain and palpable abuse of discretion.'" Hayes, J., *supra*, at 5 (quoting *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978)). The majority determines that the trial court abused its discretion when it failed to "consider the financial resources and future ability of the defendant to pay or perform . . . ." *See* T.C.A. § 40-35-304(d).

I am unable to agree with the majority on this issue for two reasons. First, I believe the statute and the most recent case law applying the writ of certiorari are clear and unambiguous in describing when and how the writ may be used. "[T]he writ of certiorari is limited in application and may not ordinarily be used 'to inquire into the correctness of a judgment issued by a court with jurisdiction.'" *Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005) (quoting *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002)); *accord* T.C.A. § 27-8-101. Further, "The writ properly applies, however, when the action of the trial court is without legal authority and where no other 'plain speedy or adequate remedy' is available." *Id.* The Appellant has not alleged the trial court lacked legal authority to deny her petition to modify probation.

I am also unable to agree with the majority's conclusion because, in my view, the trial court did not abuse its discretion. The majority's belief that the trial court failed to consider Appellant's financial resources and future ability to pay, I believe, is in error. The entire hearing conducted on June 20, 2005, addressed the Appellant's financial resources and her future ability to pay. The trial court considered testimony and evidence presented by the Appellant and victims, and the trial court ruled against the Appellant, finding it would not be "unjust to require payment . . . as imposed." T.C.A. § 40-35-304(f).

This appeal is simply a challenge on the merits to the trial court's findings of fact and conclusions of law.

I do not believe the Court should consider this case under the writ of certiorari. I would therefore dismiss this appeal. Accordingly, I respectfully dissent.

_____
ROBERT W. WEDEMEYER, JUDGE