# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. DAN E. DURELL

### Appeal from the Criminal Court for Knox County
### No. 80522     Ray L. Jenkins, Judge

### No. E2004-03014-CCA-R3-CD - Filed July 7, 2005

The petitioner, Dan E. Durell, appeals the trial court's order dismissing his petition for post-conviction relief. The pleading is barred by the statute of limitations and was properly dismissed. Accordingly, this court affirms the trial court's denial of relief pursuant to Rule 20, Tenn. Ct. Crim. App. R.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Dan E. Durell, Coleman, Florida, Pro se.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The defendant appeals from the order of the trial court dismissing his "motion for correction of illegal sentence." Construing the petition as one for post-conviction relief, the trial court found that the petition was barred by the statute of limitations. The state has filed a motion to dismiss, asserting that this court is without jurisdiction to hear the appeal. Upon review, the court concludes that the appeal is properly before the court but that summary affirmance is appropriate.

In June 1988, the petitioner pleaded guilty in the Knox County Criminal Court to charges of armed robbery and burglary and was sentenced as a Range II, especially aggravated offender to concurrent terms of life imprisonment and ten years, respectively. On appeal, the judgment of the trial court was affirmed. See State v. Daniel Durrell, alias, No. 1213 (Tenn. Crim. App. Jul. 11, 1989), app. dismissed (Tenn. Nov. 6, 1989). On October 7, 2004, the petitioner filed a "motion for correction of illegal sentence" in which he raised various claims, primarily focusing on a claimed due process violation that the state withheld exculpatory or "favorable" Brady material from the defense

and the trial court at sentencing.[1] On December 8, 2004, the trial court found that "pursuant to Tennessee Code Annotated [Section] 40-30-102, the defendant's Motion for Correction of Illegal Sentence is barred by the statute of limitations" and dismissed the petition.

The state cites Moody v. State, 160 S.W.3d 512 (Tenn. 2005), in support of its motion to dismiss the appeal. In Moody, our supreme court observed that Tennessee Rule of Appellate Procedure 3(b) does not authorize a direct appeal of a dismissal of a motion to correct an illegal sentence and clarified that the "proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure." Id. at __. Had the trial court considered and disposed of the petition as a motion to correct an illegal sentence, as styled, we would agree that the instant appeal is not properly before the court. Because the petition was instead construed as one for post-conviction relief, presumably based on the nature of the claims presented, we shall instead consider the merits of the appeal.

Under the then-applicable statute of limitations, the petitioner had until November 6, 1992, three years from the date of the final action of the highest appellate court to which an appeal was taken, within which to file a petition for post-conviction relief. As noted, the petitioner filed the instant "motion for correction of illegal sentence," appropriately construed as a post-conviction petition, in October 2004, well beyond the limitations period. As a result, the trial court properly dismissed the petition as time-barred.

Based on the foregoing, it is ORDERED that the motion to dismiss is DENIED, and the judgment of the trial court is AFFIRMED in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. It is further ORDERED that the petitioner's pending motion for appointment of appellate counsel is DENIED as moot.

_____
JUDGE JAMES CURWOOD WITT, JR.

---

[1] See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963).