# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs August 14, 2012

## STATE OF TENNESSEE v. LOUIS W. ALFORD

**Appeal from the Circuit Court for Coffee County**
**No. 24,187    Vanessa A. Jackson, Judge**

---

**No.  M2012-00114-CCA-R3-CO - Filed October 2, 2012**

---

Appellant, Louis W. Alford, was convicted of second degree murder in Coffee County in 1990.  As a result, Appellant received a forty-year sentence.  On direct appeal, this Court affirmed Appellant's sentence and conviction.  *State v. Louis William Alford*, No. 01C01-9110CC00300, 1992 WL 50968, at *5 (Tenn. Crim. App., at Nashville, Mar. 19, 1992), *perm. app. denied*, *concurring in results only* (Tenn. Jun. 15, 1992).  In a separate case, Appellant pled guilty to several charges and received a four-year sentence.  This sentence was ordered to be served consecutively to the second degree murder sentence.  On direct appeal from the burglary conviction, this Court remanded the matter for resentencing because the judgment form failed to reflect the range of punishment.  *State v. Louis William Alford*, No. 01-C01-9007CR00170, 1991 WL 4951, at *2 (Tenn. Crim. App., at Nashville, Jan. 24, 1991).  On remand, the trial court held a sentencing hearing and sentenced Appellant as a Range II, multiple offender.  Appellant again initiated an appeal, arguing that his five prior felonies could not be used to enhance his sentence because they pre-dated the Sentencing Reform Act of 1989.  This Court affirmed the sentence on appeal.  *State v. Louis William Alford*, No. 01C01-9108CC00227, 1992 WL 50963, at *1 (Tenn. Crim. App., at Nashville, Mar. 19, 1992), *perm. app. denied*, (Tenn. Jun. 8, 1992).  Appellant filed a motion to correct his sentence in September of 2011, in which he complained about the miscalculation of his parole date and joinder of his sentences for burglary and second degree murder.  The trial court denied the motion.  Appellant filed a motion for reconsideration or, in the alternative, a notice of appeal.  The trial court issued a second order in which it determined that it had no authority to order the relief sought by Appellant.  Appellant filed a notice of appeal.  After a review of the record and applicable authorities, we determine that Appellant does not have an appeal as of right from the order under Rule 3 of the Tennessee Rules of Appellate Procedure.  Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Louis W. Alford, Pro Se, Forrest City, Arkansas.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; and C. Michael Layne, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. FACTS**

In June of 1989, Appellant was indicted by the Coffee County Grand Jury for attempt to commit theft, burglary, petit larceny, assault, and resisting arrest. In May of 1990, Appellant pled guilty to attempt to commit theft, burglary, theft of property valued at less than $500, and resisting arrest. The remaining count was dismissed. From the record, it appears that Appellant was sentenced to an effective sentence of six years, including a four-year felony sentence for burglary.

Appellant appealed the conviction for burglary, insisting on appeal that there was no indication on the judgment form as to his range of punishment. This Court remanded the matter for resentencing because the judgment forms failed to reflect the range of punishment. *State v. Louis William Alford*, 1991 WL 4951, at *2. On remand, the trial court held a sentencing hearing and sentenced Appellant as a Range II, multiple offender on the burglary conviction. Appellant again initiated an appeal, arguing that his five prior felonies could not be used to enhance his sentence because they pre-dated the Sentencing Reform Act of 1989. This Court affirmed the four-year sentence on appeal. *State v. Louis William Alford*, 1992 WL 50963, at *1.

In March of 1990, Appellant was indicted for the murder of Ray James Woessner in Manchester, Tennessee. After a jury trial, Appellant was found guilty of second degree murder and sentenced as a Range II, multiple offender to a sentence of forty years. *State v. Louis William Alford*, 1992 WL 50968, at *5. Appellant's conviction and sentence were affirmed on direct appeal in March of 1992. *Id.*

The record on appeal also contains a Parole Violation Report form from the Tennessee Board of Probation and Parole. The form indicates that Appellant has a "felony pending" in a federal indictment for charges related to the manufacture, possession, and distribution of

methamphetamine and lists his "original conviction" as second degree murder with an "original sentence" of forty-four years.

On September 6, 2011, Appellant filed a motion to correct his sentence, in which he argued that the "court made an error in a judgment imposing a consecutive sentence that had already been served, which in turn caused the Parole commission to extend the length of parole expiration by four years." According to Appellant, he had already "served the required percentage" of his four-year sentence for burglary and was being processed for parole when the murder occurred. After a hearing, the trial court denied the motion, stating that it "had no lawful authority to enter such an order."

On January 3, 2012, Appellant filed a notice of appeal.

*Analysis*

On appeal, Appellant argues that the Parole Board has "illegally" calculated his sentence by adding the four-year sentence for burglary onto the forty-year sentence for second degree murder "a second time" thereby increasing his sentence. He insists that the trial court improperly denied his motion to correct the sentence. The State contends that Appellant has no right of appeal under Rule 3 of the Tennessee Rules of Appellate Procedure.

Appellant sought to appeal pursuant to Tennessee Rule of Appellate Procedure 3(b). Parties in criminal cases do not always have an appeal as of right under the Rules of Appellate Procedure. According to Rule 3(b), a defendant's ability to appeal as of right is limited to the following:

> [A]ny judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order of judgment entered pursuant to Rule 3(b), Tennessee

Rules of Criminal Procedure, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) (stating that Rule 3(b) "does not authorize a direct appeal of a dismissal of a motion to correct an illegal sentence"). A properly filed petition for the writ of habeas corpus is the appropriate method for challenging an illegal sentence. *Id.* Our Supreme Court applied this rationale again in *State v. Lane*, 254 S.W.3d 349 (Tenn. 2008), to determine that a defendant had no appeal as of right from the denial of a motion to modify a condition of probation. *See also State v. Cedric Lamar Moses*, No. W2011-01448-CCA-R3-CD, 2011 WL 6916487, at *1 (Tenn. Crim. App., at Jackson, Dec. 28, 2011); *State v. Joseph Michael Harden*, No. E2010-02487-CCA-R3-CD, 2011 WL 6883981, at *1 (Tenn. Crim. App., at Knoxville, Dec. 27, 2011); *State v. Jonathon C. Hood*, No. M2009-00661-CCA-R3-PC, 2010 WL 3244877, at *1 (Tenn. Crim. App., at Nashville, Aug. 18, 2010), *perm. app. denied*, (Tenn. Nov. 15, 2010). Looking at the language of Rule 3(b), it does not specifically enumerate that a defendant may appeal as of right a denial of a motion to correct an illegal sentence. Accordingly, Appellant does not have an appeal as of right to challenge the trial court's decision.

*Conclusion*

For the foregoing reasons, the appeal is dismissed.

_____
JERRY L. SMITH, JUDGE