IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2015

**STATE OF TENNESSEE v. TORRIE D. CARTER**

**Appeal from the Circuit Court for Carroll County**
**No. 11CR12     Donald Parish, Judge**

---

**No. W2014-02081-CCA-R3-CD  -  Filed June 1, 2015**

---

The defendant, Torrie D. Carter, appeals the summary dismissal of his motion filed pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure to correct an illegal sentence.  Discerning no error, we affirm the summary dismissal of his motion.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and NORMA MCGEE OGLE, J., joined.

Torrie D. Carter, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Hansel J. McAdams, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 11, 2011, the defendant pleaded guilty to one count of possession of cocaine base and one count of possession of marijuana in exchange for a total effective sentence of 12 years to be served consecutively to his prior unserved sentence. On August 8, 2014, the defendant moved the court, pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believed to be an illegal sentence, set aside the fines and costs imposed for the convictions, and vacate his guilty pleas. In his motion, the defendant alleged that his guilty pleas were not knowingly and voluntarily entered because he did not understand that a $2,000 fine would be imposed for each of his convictions.  He also alleged that the State failed to establish that he actually possessed any drugs and that his trial counsel was ineffective for "failing to ensure his client plea agreement was according to law."

The State filed a motion to dismiss, arguing that the defendant's claims did not fall under the purview of Rule 36.1 and would more properly be addressed via either a petition for post-conviction relief or a motion to withdraw the guilty plea pursuant to Tennessee Rule of Criminal Procedure 32(f). The State noted that the defendant's motion, if treated as either a petition for post-conviction relief or a motion to withdraw the guilty plea, was untimely.

The trial court granted the State's motion to dismiss, finding that the defendant's claims "which sound in the nature of post-conviction relief" and those "which sound in the nature of vacating or withdrawing his previous guilty pleas" were time barred. The court noted that the defendant had cited no other basis for relief. The defendant appeals the dismissal of his motion, claiming that he is entitled to withdraw his pleas of guilty because they were not knowingly and intelligently entered.

Prior to July 1, 2013, a properly-filed petition for writ of habeas corpus was the sole mechanism for pursuing an illegal sentence claim. *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure."). Our supreme court then created new Rule 36.1, which became effective on July 1, 2013, and which provides:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

-2-

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1.

Rule 36.1 is not a panacea. To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state[] a colorable claim that the

sentence is illegal." Tenn. R. Crim. P. 36.1(b). Unfortunately for the defendant, he failed to state any claim of sentence illegality. Instead, he presents claims of involuntary guilty pleas and ineffective assistance of counsel, claims which can only be addressed via a timely-filed petition for post-conviction relief.

Treating the defendant's pro se filing as a petition for post-conviction relief avails him nothing given that it was filed nearly three years after his judgments became final. "[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2006). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met].").

Similarly, treating the pleading as a Rule 32(f) motion to withdraw his guilty pleas would not avail the defendant of the relief he desires because such a motion must be filed "before the judgment becomes final." Tenn. R. Crim. P. 32(f). The defendant filed his pleading nearly three years after his judgment became final.

Because the defendant failed to state a colorable claim for relief pursuant to Tennessee Rule of Criminal Procedure 36.1 and because the petition, when treated as either a petition for post-conviction relief or a motion to withdraw a guilty plea, is untimely, the trial court did not err by summarily dismissing the petition. Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-