IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2015

**STATE OF TENNESSEE v. JAMES GORDON FREEMAN**

**Appeal from the Criminal Court for Davidson County**
**No. 97-B-788      Seth Norman, Judge**

---

**No. M2014-02174-CCA-R3-CD – Filed June 8, 2015**

---

The defendant, James Gordon Freeman, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence.  Discerning no error, we affirm the summary dismissal of his motion.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

James Gordon Freeman, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

A Davidson County Criminal Court jury convicted the defendant of one count of theft of property valued at $1,000 or more but less than $10,000 and one count of especially aggravated kidnapping, and, on July 15, 1998, the trial court imposed a total effective sentence of 38 years' incarceration.  *See State v. James Gordon Freeman*, No. M1998-00182-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Nashville, Nov. 29, 1999).  The trial court applied a 35-percent release eligibility percentage to the four-year sentence imposed for the theft conviction given the defendant's status as a Range II, multiple offender and applied a 100-percent release eligibility percentage to the especially aggravated kidnapping as required by Code section 40-35-501.  This court affirmed the convictions and, following a de novo review based upon the trial court's

failure to make appropriate factual findings at sentencing, the 38-year sentence imposed by the trial court.

On August 27, 2014, the defendant moved pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct the 34-year sentence imposed for his especially aggravated kidnapping conviction, claiming that the trial court erred by imposing a Range II sentence without "designating his offender classification as a multiple offender." He also claimed that the trial court erred by imposing consecutive sentences without "making the findings required for consecutive sentencing" and that the imposition of an 85-percent release eligibility percentage for the especially aggravated kidnapping conviction "removed him from the sentencing scheme for the purpose of determining the percentage of sentence that must be served."

The trial court summarily dismissed the defendant's motion finding that this court had considered and rejected the defendant's claims related to his range classification and the imposition of consecutive sentences and that the defendant's assertion with regard to the release eligibility percentage for the especially aggravated kidnapping conviction was "actually incorrect." The court observed that the judgment form for this conviction reflected a 100-percent release eligibility percentage as required by Code section 40-35-501(i)(2) and suggested that the petitioner's claim might have arisen from his reading of Code section 40-35-501(i)(1), which permits a defendant sentenced to serve 100-percent of his sentence as a violent offender to earn sentence reduction credits equal to 15-percent of his sentence. In any event, the court found that the petitioner's sentence was not illegal.

In this appeal, the defendant reiterates his claims that his sentences are illegal because the trial court failed to indicate on the face of the judgment for his conviction of especially aggravated kidnapping that he was a Range II offender, failed to make the necessary factual findings before imposing consecutive sentences, and erroneously ordered a 15-percent release eligibility percentage for his conviction of especially aggravated kidnapping in contravention of Code section 40-35-501(i)(2). The State asserts that summary dismissal of the defendant's motion was appropriate because he failed to state a colorable claim for relief under Tennessee Rule of Criminal Procedure 36.1.

Prior to July 1, 2013, a properly filed petition for writ of habeas corpus was the sole mechanism for pursuing an illegal sentence claim. *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure."). Our

supreme court then created new Rule 36.1, which became effective on July 1, 2013, and which provides:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

> (3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the

-3-

defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1.

To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant need only "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). "Because Rule 36.1 does not define 'colorable claim,'" this court has "adopted the definition of a colorable claim used in the context of post-conviction proceedings." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, slip op. at 3-4 (Tenn. Crim. App., Jackson, Aug. 13, 2014) (citing *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, July 16, 2014). Supreme Court Rule 28 provides that "[a] colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [defendant], would entitle [the defendant] to relief." Tenn. Sup. Ct. R. 28 § 2(H).

The defendant's claims, even if true, would not render his sentence illegal and entitle him to relief under Rule 36.1. Moreover, the record clearly establishes that the defendant's claims are not, in fact, true.

The trial court's failure to make factual findings before imposing consecutive sentences would not result in an illegal sentence, and, more importantly, this court concluded, following a de novo review, that the record supported the imposition of consecutive sentences in the defendant's case. *See James Gordon Freeman*, slip op. at 18 ("The trial judge did not explain why he [ordered consecutive sentences], but the presentence report does show Defendant's extensive criminal history. . . . As a result, the evidence clearly supports the trial court's determination that consecutive sentences are warranted."). Additionally, as to the defendant's claim that the trial court ordered an

-4-

illegal 85-percent release eligibility percentage for the especially aggravated kidnapping sentence, we noted in *James Gordon Freeman* that although the trial court mentioned at sentencing that the defendant would be required to serve 85 percent of his especially aggravated kidnapping sentence, the court correctly indicated that the defendant would be required to serve 100 percent of that sentence as a violent offender. *See id.* ("[T]he trial judge sentenced Defendant as a Range II offender, to serve 85% of his sentence, in the sentencing hearing, but the judgment entered provides that Defendant is to serve 100% of his sentence because he is a violent offender.").

The defendant, as pointed out in *James Gordon Freeman*, is a Range II, multiple offender, a status that would generally entitle him to a 35-percent release eligibility percentage. "As with most general rules, however, there are exceptions." *Davis v. State*, 313 S.W.3d 751, 757 (Tenn. 2010). A defendant convicted of one of the felonies enumerated in Code section 40-35-501(i)(2), including especially aggravated kidnapping, is "not eligible for early release on parole," and "[o]n the uniform judgment document completed for each conviction offense, release eligibility for most of these offenses is indicated by a box labeled 'Violent 100%.'" *Id.* The defendant's especially aggravated kidnapping judgment follows these requirements.

Because the defendant has failed to state a colorable claim for relief, we affirm the summary dismissal of his Rule 36.1 motion.

_____
JAMES CURWOOD WITT, JR., JUDGE