IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2015

**STATE OF TENNESSEE v. RODNEY BATES**

**Appeal from the Criminal Court for Hamilton County**
**No. 162235, 164970    Rebecca J. Stern, Judge**

---

**No. E2014-02381-CCA-R3-CD – Filed June 30, 2015**

---

The Petitioner, Rodney Bates, appeals the Hamilton County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred by summarily dismissing his motion. The State concedes that this case should be reversed and remanded to the trial court. Upon review, we reverse the trial court's judgment and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Rodney Bates, Atlanta, Georgia, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Neal Pinkston, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On November 13, 1985, the Petitioner, Rodney Bates, was indicted by the Hamilton County Grand Jury for grand larceny in case number 162235. After he was arrested on August 22, 1985, the Petitioner was released on bond on November 6, 1985. While the case was pending, the Petitioner committed an armed robbery on May 9, 1986. As a result, the Hamilton County Grand Jury returned an indictment in case number 164970 charging the Petitioner with robbery by use of a deadly weapon. The Petitioner entered guilty pleas to both offenses and was sentenced as a Range I, standard offender to three years for grand larceny and ten years for armed robbery. The judgments of

conviction, which were entered on May 16, 1986 and on October 20, 1986, did not specify the alignment of the two sentences.

On November 3, 2014, the Petitioner filed a pro se motion to correct his sentences pursuant to Tennessee Rule of Criminal Procedure 36.1. Specifically, the Petitioner asserted that because he committed the armed robbery in case number 164970 while released on bond for grand larceny in case number 162235, the trial court should have imposed consecutive sentencing. The Petitioner argued that his concurrent sentences were illegal and in direct contravention of Tennessee Code Annotated section 40-20-111(b). On November 10, 2014, the Hamilton County Criminal Court summarily dismissed the Petitioner's motion. The Petitioner then timely appealed the trial court's order.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence. The State agrees that the trial court erred in dismissing the motion without appointment of counsel or consideration of the merits of the Petitioner's claim.

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1 which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1. Prior to the adoption of this Rule, an illegal sentence could generally be challenged only through habeas corpus or post-conviction proceedings. See Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure."); see also, Cantrell v. Easterling, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011). Therefore, Rule 36.1 provided a new mechanism for a defendant or the State to seek relief based on an illegal sentence. See Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmts.

The requirements for a Rule 36.1 motion are more lenient than for a habeas corpus petition or a petition for post-conviction relief; notably, in a Rule 36.1 motion, a defendant is required only to state a colorable claim in the motion but is not required to attach supporting documents in order to avoid summary dismissal, and the motion may be filed "at any time," even after the sentence has expired. See State v. Sean Blake, No.

W2014-00856-CCA-R3-CO, 2015 WL 112801, at *2 (Tenn. Crim. App. Jan. 8, 2015); State v. John Talley, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *2 (Tenn. Crim. App. Dec. 26, 2014); see also George William Brady v. State, No. E2013-00792-CCA-R3-PC, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."). Although Rule 36.1 does not define what constitutes a "colorable claim," this court has adopted the definition used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief[.]" State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014); Tenn. Sup. Ct. R. 28 § 2(H).

Here, the appellate record does not reflect why the trial court summarily dismissed the Petitioner's motion. However, the Petitioner alleges in his brief that the trial court stated, "Overruled as the defendant has now received all credit due." The State agrees that the trial court erred by summarily dismissing the Petitioner's motion to correct an illegal sentence without appointing counsel or conducting a hearing.

As previously noted, Rule 36.1 expressly states that a defendant may "at any time" seek correction of an illegal sentence. Considering all of the Petitioner's assertions as true and viewing them in the light most favorable to him, we conclude that he has presented a colorable claim for relief. The Petitioner alleges that because he committed the felony offense of armed robbery in case number 164970 while he was released on bail for grand larceny in case number 162235, the sentencing court was required to impose consecutive sentences. Tennessee Code Annotated section 40-20-111(b) provides:

> In any case in which a defendant commits a felony while the defendant was released on bail in accordance with chapter 11, part 1 of this title, and the defendant is convicted of both offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively.

T.C.A. § 40-20-111(b). See also Tenn. R. Crim. P. 32(c)(3)(C) (mandating consecutive sentences when a defendant commits a felony while the defendant is released on bail, and the defendant is convicted of both offenses).

Because the Petitioner set forth a colorable claim that his concurrent sentences are in direct contravention of a statute, the trial court erred by summarily dismissing the Petitioner's motion. Accordingly, we remand this matter to the trial court for further

proceedings pursuant to Tennessee Rule of Criminal Procedure 36.1.  The trial court shall appoint counsel to the Petitioner if necessary and, unless both parties waive a hearing, conduct a hearing to determine the merits of the Petitioner's colorable claim.

## CONCLUSION

Upon review, we reverse the judgment of the Hamilton County Criminal Court and remand this case for further proceedings consistent with this opinion.

_____
CAMILLE R. McMULLEN, JUDGE