IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015

## STATE OF TENNESSEE v. THOMAS PAUL GAGNE, JR.

**Appeal from the Criminal Court for Knox County**
**No. 62279A      Bob R. McGee, Judge**

────────────

**No. E2015-00502-CCA-R3-CD – Filed August 31, 2015**

────────────

The petitioner, Thomas Paul Gagne, Jr., appeals the denial of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Thomas Paul Gagne, Jr., Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and Charme P. Allen, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On September 10, 2014, the petitioner moved the trial court, pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct the judgments filed in his case to reflect the sentence alignment provided for in his plea agreement. He claimed that he was "mislead [sic] into thinking that the Petitioner's State Sentences was [sic] to be served concurrent[ly] with count 3 to be served consecutive[ly]." The petitioner specifically stated that he did "not wish to completely break with the plea agreement" but simply wanted the court "to ORDER the State to perform the agreement . . . by recording it correctly."

In a written order denying relief, the trial court observed that the total effective sentence for the petitioner's pleas of guilty in case number 62279A to two counts of felony murder, one count of aggravated burglary, and two counts of theft of

property valued at $500 or less was two consecutive life sentences that were to be served consecutively to the sentence imposed in Knox County case number 59006 and that the sentence imposed was that "agreed to on the original Waiver of Jury Trial and entry of plea." In consequence, the court concluded that the sentences were neither illegal nor incorrect.

In this appeal, the petitioner reiterates his claim that the judgment orders entered do not reflect the terms of the plea agreement.

Prior to July 1, 2013, a properly filed petition for writ of habeas corpus was the sole mechanism for pursuing an illegal sentence claim. *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure."). Our supreme court then created new Rule 36.1, which became effective on July 1, 2013, and which provides:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the

-2-

illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1.

To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a petitioner need only "state[] a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). "Because Rule 36.1 does not define 'colorable claim,'" this court has "adopted the definition of a colorable claim used in the context of post-conviction proceedings." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, slip op. at 3-4 (Tenn. Crim. App., Jackson, Aug. 13, 2014) (citing *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Nashville, July 16, 2014). Supreme Court Rule 28 provides that "[a] colorable claim is a claim . . . that, if taken as

true, in the light most favorable to the petitioner, would entitle [the] petitioner to relief." Tenn. Sup. Ct. R. 28 § 2(H).

The petitioner's claims, even if true, would not render his sentence illegal and entitle him to relief under Rule 36.1. The petitioner does not allege, and the record does not establish, that the sentences imposed contravene any applicable law. Moreover, the trial court found that, contrary to the petitioner's assertion in his motion, the sentences imposed complied with the terms of the plea agreement. To the extent that the petitioner seeks to challenge the manner in which the Department of Correction has implemented the judgments in his case, a motion pursuant to Rule 36.1 is not the appropriate vehicle for such a claim.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE