FILED

08/14/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 1, 2017

**IN RE NEVAEH B.**

**Appeal from the Juvenile Court for Chester County
No. 2015-JV-1323 Van McMahan, Judge**

_____

**No. W2016-01769-COA-R3-PT**

_____

FRANK G. CLEMENT JR., P.J. M.S., dissenting.

The majority opinion dismisses this appeal due to the failure of the appellant, Makayla B., the child's mother, to sign the notice of appeal as required by Tenn. Code Ann. § 36-1-124(d). The majority has concluded, "[i]n the absence of full compliance with the statutory requirements, this Court does not have subject-matter jurisdiction over the appeal." I recognize that the majority opinion is based on a prior Court of Appeals decision, but I respectfully disagree with the decision and the notion that Tenn. Code Ann. § 36-1-124(d) is jurisdictional or that the statute compels this court to dismiss appeals in parental termination cases when the parent fails to sign the notice of appeal without affording the parent the opportunity to cure the defect.[1]

The statute at the center of this controversy is Tenn. Code Ann. § 36-1-124(d), which went into effect on July 1, 2016. It succinctly states that "[a]ny notice of appeal filed in a termination of parental rights action shall be signed by the appellant." In my opinion the statute is clear and unambiguous; therefore, "we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). When ascertaining the meaning of a statute the courts should give effect to every word used in the statute. *Lee Med. Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010) (citations omitted). We presume that the General Assembly used each word deliberately. *State v. Strode*, 232 S.W.3d 1, 11 (Tenn. 2007)(citations omitted). A related notion is that

---

[1] I wish to acknowledge that this opinion is based in significant part on the dissent authored by the Hon. Andy D. Bennett, Judge of the Court of Appeals of Tennessee, in *In re Jayden R. et al.*, No. M2016-02336-COA-R3-PT, 2016 WL _____ (Tenn. Ct. App. Aug. __, 2017), which was filed shortly prior to this decision.

"[t]he Court will decline to 'read in' language into the statute that the General Assembly did not place there." *Keen v. State*, 398 S.W.3d 594, 604 (Tenn. 2012).

Reading the words in Tenn. Code Ann. § 36-1-124(d) in their natural and ordinary sense and without reading in any words not used, there is no mandate compelling the dismissal of an appeal when a parent who is the appellant fails to sign the notice of appeal. I also see no words that prevent the courts from affording an opportunity to cure the deficiency if the parent fails to sign the notice of appeal. Furthermore, the statute does not state that the signature of the parent is jurisdictional. Therefore, the statutory mandate is not jurisdictional and failure to initially comply with the statute does not prevent the court from affording the appellant parent an opportunity to cure the deficiency.

Although the clear and unambiguous statute does not require, or permit, construction of its meaning, I will discuss the first Court of Appeals decision wherein this court ruled that the signature requirement is jurisdictional and the absence of the parent's signature is cause for dismissal of the appeal. *See In re Gabrielle W.*, No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *4 (Tenn. Ct. App. July 11, 2017).[2] *Gabrielle* relied on cases and statutes from three states to determine that Tenn. Code Ann. § 36-1-124(d) was jurisdictional. I believe these cases are distinguishable because the statutes and/or rules of appellate procedure from these states present a different circumstance than Tennessee.

*Gabrielle* relied on Utah Code Annotated section 78A-6-1109, but it is distinguishable because the Utah statute not only requires the signature of the appellant, it expressly states, "the appeal shall be dismissed," if the appellant fails to comply. The Utah Rules of Appellate Procedure, in Rule 53(b), is also fully consistent with the statutory mandate. Thus, the Utah appellate rule and statute expressly require dismissal. *See State ex rel. D.E.*, 147 P.3d 462, 463 (Utah 2006). As noted earlier, the Tennessee statute does not state that "the appeal shall be dismissed."

It is also significant to note that Utah's rule of appellate procedure also includes a fifteen-day grace period to amend the notice of appeal if certain circumstances are met. *See* UTAH R. APP. P. 53(b). Thus, the appellate rule contains an exception not included in the statute; nevertheless, the rule applies. In Tennessee, the Rules of Appellate Procedure

---

[2] *Gabrielle* has been followed in the past two weeks in two other cases: *In re Catherine J.*, No. W2017-00491-COA-R3-PT, 2017 WL 3141825, at *4 (Tenn. Ct. App. July 24, 2017); *In re Mya V.*, M2016-02401-COA-R3-PT, 2017 WL 3209181, at *3 (Tenn. Ct. App. July 28, 2017).

do not incorporate the statute and none of the Tennessee Rules of Appellate Procedure require a signature on the notice of appeal.[3]

The South Dakota law relied on in *Gabrielle* states that "[t]he failure of the appellant and his or her attorney to sign a notice of appeal . . . deprives the Supreme Court of jurisdiction to decide the appeal." S.D. Codified Laws § 15-26A-4. That is not the case in Tennessee because Tenn. Code Ann. § 36-1-124(d) does not address jurisdiction. Moreover, Tenn. Code Ann. § 36-1-124(d) does not state that the court is required to dismiss the appeal if the parent fails to comply with the signature requirement without affording the parent the opportunity to cure any deficiency.

North Carolina Rule of Appellate Procedure 3.1(a), cited in *Gabrielle* states, "[i]f the appellant is represented by counsel, both the trial counsel and appellant must sign the notice of appeal . . . ." The notice of appeal is viewed as incomplete if it lacks a signature. *See In re I.T.P-L.*, 670 S.E.2d 282, 285 (N.C. Ct. App. 2008). Tennessee's rule does not require the signature of the parent or his or her attorney on the notice of appeal in a parental rights termination case, and as stated earlier, no Tennessee Rule of Appellate Procedure requires an appellant or his or her attorney to sign a notice of appeal.

For the foregoing reasons, I respectfully submit that the authorities relied on in *Gabrielle* are distinguishable and they do not support the conclusion that compliance with the statute is jurisdictional or that the statute compels the court to dismiss an appeal if the notice of appeal is not signed by the parent without first affording the appellant parent the opportunity to cure the defect.

---

[3] The Tennessee rule that pertains to notices of appeal is Tenn. R. App. P. 3(f) and it specifies the content of the notice of appeal:

> The notice of appeal shall specify the party or parties taking the appeal by naming each one in the caption or body of the notice (but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X"), shall designate the judgment from which relief is sought, and shall name the court to which the appeal is taken. The notice of appeal should include a list of the parties upon whom service of notice of docketing of the appeal is required by Rule 5 of these rules. An appeal shall not be dismissed for informality of form or title of notice of appeal.

This general statement of Rule 3(f) is modified by Tenn. R. App. P. 8A(a)(2) as follows: "[i]n addition to meeting the requirements of Rule 3(f) ('Content of the Notice of Appeal'), a notice of appeal in a termination of parental rights proceeding shall indicate that the appeal involves a termination of parental rights case." And unlike Utah, no Tennessee rule requires a signature on a notice of appeal.

Moreover, as Judge Bennett noted in his dissent in *In re Jayden R.*, 2016 WL ____, at *__, Tenn. Code Ann. § 36-1-124(d) creates some practical difficulties because having statutes that are inconsistent with appellate rules makes it more difficult for appellate practitioners to locate all the rules they are expected to follow. "A principal purpose of the Rules of Appellate Procedure is to bring together in one place a simplified, coherent, and modern body of law." *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) (citing Advisory Commission Comments to Tenn. R. App. P. 1). The statute also destroys the uniform nature of notices of appeal, which could create confusion. Furthermore, Tennessee Rule of Appellate Procedure 8A, which specifically addresses appeals of termination of parental rights cases, makes no mention of Tenn. Code Ann. § 36-1-124(d) in the text or comments. In addition, Form 1 in Appendix A to the Tennessee Rules of Appellate Procedure, a sample notice of appeal, does not reflect the existence of Tenn. Code Ann. § 36-1-124(d) and neither does the sample notice of appeal form on the website of the Administrative Office of the Courts. *See* http://www.tsc.state.tn.us/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf. Thus, it appears that our rules and forms may be misleading as to notices of appeal in parental rights termination cases.

For the foregoing reasons I conclude that Tenn. Code Ann. § 36-1-124(d) is not jurisdictional. Moreover, a parent's failure to sign the notice of appeal should not lead to an automatic dismissal without an opportunity to cure. For these reasons I respectfully dissent.

_____
FRANK G. CLEMENT JR., JUDGE