FILED

05/24/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

**STEPHEN WAYNE SHREVE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Sevier County**
**No. 15698     Richard R. Vance, Judge**

_____

**No. E2016-01743-CCA-R3-PC**

_____

The Petitioner, Stephen Wayne Shreve, appeals the denial of his petition for post-conviction relief in which he challenged his guilty pleas to two counts of aggravated burglary, one count of attempted aggravated burglary, and two counts of theft and his effective ten-year sentence. On appeal, the Petitioner contends that he was given an illegal sentence and that he entered his guilty pleas involuntarily and unknowingly. We affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and J. ROSS DYER, JJ., joined.

William L. Wheatley, Sevierville, Tennessee, for the appellant, Stephen Wayne Shreve.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

On January 20, 2015, pursuant to a guilty plea, the Petitioner was convicted and sentenced to ten years for each of the two counts of aggravated burglary, ten years for one count of attempted aggravated burglary, and ten years for each of the two counts of theft. The sentences were all run concurrently. The Petitioner was given credit for "time

served" and was released to serve the remainder of his sentence on community corrections.

## Guilty Plea Submission Hearing

At the guilty plea hearing, the State provided the following facts that underlie the Petitioner's convictions. On May 5, 2010, the Petitioner made a forced entry into a house on Little Cove Road in Sevier County. He fled the house, and a neighbor informed the police of the burglary. Later that day, the Petitioner attempted to enter another house on Little Cove Road. The victim of the attempted burglary ran to a neighbor's house and called 911 to report the attempted entry. On the same day, a detective entered the Petitioner's motel room and discovered a stolen video game console that was reported missing from a burglarized home on Talon Street in Sevier County.

On April 23, 2015, a violation of community corrections warrant was issued against the Petitioner, alleging that he had new arrest warrants against him and that his whereabouts were unknown. The trial court subsequently revoked his community corrections sentence and sentenced him to serve the remainder of his sentence in prison.

## Post-Conviction Relief Hearing

On May 19, 2015, the Petitioner wrote a letter to the Sevier County court, requesting counsel and a hearing to resolve what he alleged as an error in the judgment forms. The Petitioner argued that he was not given credit for time served as agreed in the guilty plea. On January 19, 2016, the Petitioner, through counsel, filed a petition for post-conviction relief, arguing that, under Tennessee Code Annotated section 40-28-123(a),[1] he was improperly given pretrial jail credit because, while the charges subject to this appeal were pending, he was serving time for his parole violation. He contended that his sentence is, thus, void. We note, however, that the judgments for his guilty pleas do not reflect an award of pretrial jail credit. Although post-conviction counsel made reference to exhibits in the post-conviction relief petition to support the Petitioner's claim that he was incarcerated for a parole violation while his charges were pending, no exhibits were included in the appellate record.

At the post-conviction relief hearing, neither the State nor the Petitioner presented testimony from any witnesses, only argument from each side. The Petitioner contended that his sentences were illegal because the trial court should not have awarded him

---

[1] Tennessee Code Annotated section 40-28-123(a) reads, in part, that a parolee that is subsequently convicted "shall serve the remainder of the sentence under which the prisoner was paroled, or part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole."

- 2 -

pretrial jail credit toward the sentences subject to this appeal for time served in prison following his parole violation. Without being sworn under oath, the Petitioner expressed to the post-conviction court that he would not have accepted his guilty pleas if he had known that he could not receive pretrial jail credit for the time served between 2010 and 2015. We note that the Petitioner did not provide proof concerning how much time in jail between 2010 and 2015 went toward serving the parole violation or pretrial jail credit.

Following the hearing, the post-conviction court entered an order denying the Petitioner post-conviction relief. The post-conviction court found that the Petitioner's sentences were not illegal, that his sentences were agreed upon pursuant to the plea agreements, and that the plea agreements were to the Petitioner's benefit.

## ANALYSIS

On appeal, the Petitioner contends that the agreed upon award of pretrial jail credit essentially equates to the imposition of concurrent and, thus, illegal sentences for the conviction for which he was on parole and the instant convictions. *See* T.C.A. § 40-28-123(a). The Petitioner argues that he is entitled to post-conviction relief because the trial court sentenced him illegally. He also argues that because his sentences are illegal, he entered his pleas involuntarily and unknowingly. The State argues that the Petitioner is not entitled to relief because he failed to state a colorable claim for relief and that the Petitioner waived the claim that his guilty pleas were not knowing or voluntary by raising it for the first time on appeal.

To obtain post-conviction relief, a petitioner must prove that his or her conviction or sentence is void or voidable because of the abridgement of a right guaranteed by the United States Constitution or the Tennessee Constitution. T.C.A. § 40-30-103; *Howell v. State*, 151 S.W.3d 450, 460 (Tenn. 2004). A post-conviction petitioner must prove allegations of fact by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). In an appeal of a court's decision resolving a petition for post-conviction relief, the court's findings of fact "will not be disturbed unless the evidence contained in the record preponderates against them." *Frazier v. State*, 303 S.W.3d 674, 679 (Tenn. 2010).

"[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus" or a Tennessee Rules of Criminal Procedure 36.1 motion. *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005); Tenn. R. Crim. P. 36.1.

- 3 -

"A void or illegal sentence also may be challenged collaterally in a post-conviction proceeding when the statutory requirements are met." *Moody*, 160 S.W.3d at 516 n.2.

In evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (citations omitted). In making this determination, the reviewing court must look to the totality of the circumstances. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). Indeed,

> a court charged with determining whether ... pleas were "voluntary" and "intelligent" must look to various circumstantial factors, such as the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (citation omitted).

Here, the Petitioner has failed to meet his burden. Rather than summarily dismissing the Petitioner's petition, the post-conviction court granted the Petitioner the opportunity to present proof of his claims in an evidentiary hearing. At the hearing, however, post-conviction counsel did not elicit testimony from the Petitioner, trial counsel, or any other witness. Post-conviction counsel failed to include in the record requisite information regarding the Petitioner's criminal history, including when he completed his sentence for his parole violation. The judgments are silent regarding the prior sentence for which the Petitioner was on parole and, as a result, the sentences are presumed to run consecutively. *Hogan v. Mills*, 168 S.W.3d 753, 756 (Tenn. 2005) ("[Tennessee Rule of Criminal Procedure] 32(c)(3) mandates that new sentences run consecutively to the prior sentence 'whether the judgment explicitly so orders or not.' Thus, the new sentences run consecutively to the prior sentence even if the judgment is silent in this regard."). Moreover, there is nothing in the record establishing that the Petitioner was released on parole for a prior conviction when he committed the instant offenses or that he was incarcerated for a parole violation pending trial on the instant offenses such that he was not entitled to pretrial jail credit. Based on the record before this court, we cannot conclude that the trial court sentenced the Petitioner illegally.

Although the Petitioner said at the post-conviction hearing that he would not have accepted his pleas if he had known that he would not receive credit for the time he served in jail following the parole violation, the Petitioner did not offer his contention as sworn testimony and did not establish that the award of pretrial jail credit as a term of the guilty pleas was improper. Further, the Petitioner offered no other evidence to suggest that he did not enter his guilty pleas knowingly and voluntarily. Accordingly, we hold that the post-conviction court properly denied the Petitioner's post-conviction petition.

## CONCLUSION

Based on the record and the applicable law, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE