# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs December 17, 2024

## STATE OF TENNESSEE v. RICHARD P. NIELSEN, JR.

**Appeal from the Criminal Court for Knox County**
**No. 119418   Steven W. Sword, Judge**

FILED

JAN 16 2025

Clerk of the Appellate Courts
Rec'd by _____

**No. E2024-00579-CCA-R3-CD**

The Defendant, Richard P. Nielsen, Jr., appeals the trial court's denial of his "Motion to Amend" his sentence, alleging that the trial court inappropriately construed the motion as a motion to reduce his sentence pursuant to Tennessee Rule of Criminal Procedure 35 and improperly denied relief.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR, SP. J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Richard P. Nielsen, Jr., Knoxville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Sean Roberts, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 11, 2021, the Defendant pled guilty to one count of aggravated assault in violation of Tennessee Code Annotated section 39-13-212.[1]  As indicated by the Defendant's judgment forms, the trial court imposed an effective sentence of three years' split confinement.  The Defendant was to serve twelve months of this sentence in the Tennessee Department of Corrections ("TDOC") and the remaining twenty-four months on state probation.

On February 12, 2023, the Defendant was charged with one count of public intoxication, and the trial court issued a probation violation warrant on February 17,

---

[1]   The record does not contain a copy of the Defendant's plea agreement.

2023. The trial court appointed counsel and, following a March 23, 2023 hearing, revoked the Defendant's probation but reinstated and extended it by one year. On April 28, 2023, the Defendant was charged with two counts of assault, and the trial court issued a probation violation warrant on May 4, 2023. Following a May 24, 2023 hearing, the trial court again revoked the Defendant's probation and ordered him to serve the balance of his sentence in the TDOC.

On February 13, 2024, the Defendant filed a *pro se* "Motion to Amend Sentence for Violation of the [Fourteenth] Amendment Equal Protection of the Law." In this motion, the Defendant alleged that he had accepted his August 11, 2021 plea agreement with the understanding that he would serve his sentence under minimum security at a TDOC facility and would be afforded the opportunity to "earn [sixteen] days [of sentence reduction credits] per month." However, the Defendant stated that he was currently being housed under maximum security at the Knox County jail, where he was afforded the opportunity to earn only six days of sentence reduction credits per month. The Defendant estimated that he would serve six and one-half months longer on his sentence while incarcerated in the Knox County jail than he would in a TDOC facility, as he alleged his plea agreement required. Accordingly, the Defendant contended that the TDOC was "increasing the amount of time" he was required to serve and requested that the trial court "grant me [six] months of my probation time or somehow grant me [six] months of time to be deducted off my sentence."

In its February 21, 2024 order denying relief, the trial court construed the Defendant's motion as a motion to reduce his sentence pursuant to Tennessee Rule of Criminal Procedure 35 and concluded that it was without jurisdiction to grant relief because the motion was filed more than 120 days after the Defendant's probation was revoked. See Tenn. R. Crim. P. 35(a) ("The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked."). Jurisdiction notwithstanding, the trial court found that the Defendant "received his bargained-four plea agreement" and concluded that there was "no valid basis for a reduction in the sentence."

On March 7, 2024, the Defendant filed a "Motion to [Reconsider] Application to Reduce or Suspend Sentence," in which he stated that he was requesting "only to receive time toward my sentence that I had successfully completed on probation due to the lack of opportunity to earn sentence reduction credits while I have been held in Knox County jail pending transfer" to a TDOC facility. The Defendant argued that the trial court erred in concluding it was without jurisdiction to consider his motion regardless of its timeliness because the Defendant was housed in a local jail; therefore, Code section 40-35-212(d)(1) granted the trial court jurisdiction to modify his sentence. See T.C.A. § 40-35-212(d)(1) ("[T]he court shall retain full jurisdiction over a defendant sentenced to the [TDOC] during the time the defendant is being housed in a local jail or workhouse awaiting transfer to the [TDOC]. The jurisdiction shall continue until the defendant is

actually transferred to the [TDOC]."). [2] The Defendant reiterated that his plea agreement stated that he would be afforded the ability to earn sixteen days per month in "program/work credits" towards his sentence while incarcerated in the TDOC and that he was only being afforded the opportunity to earn six days per month while incarcerated in the Knox County jail. The Defendant again requested that the trial court "grant me the time I successfully served on probation."

In its April 16, 2024 order denying relief, the trial court again concluded that it was without jurisdiction to modify the Defendant's sentence pursuant to Rule 35. The trial court noted that the Defendant's "complaint is that the [TDOC] has left him in a local jail to serve his sentence" and that the Defendant "is not getting the benefits he expected to receive such as certain minimum-security credits." The trial court explained,

> [T]he [D]efendant would not be entitled to relief had the motion been timely filed. The decision as to where a defendant should serve their sentence is in the prerogative of the [TDOC]. What sentence credits an inmate may receive is subject to the rules and laws governing the [TDOC]. There is no indication that the [TDOC] is failing to credit the [D]efendant with any time in which he is entitled under the law. The plea agreement did not dictate[] what credits he would receive should he have to serve the sentence, other than pre-trial jail credit. Once his probation was revoked, it was up to the [TDOC] to house the [D]efendant and award him any credits he was entitled to receive in accordance with the law.

This timely appeal followed. On appeal, the Defendant argues that the trial court erred in considering his motion as a motion for the reduction of his sentence pursuant to Rule 35 and in concluding that it did not have jurisdiction to consider the motion. [3] The State responds that the trial court correctly considered the Defendant's motion under Rule 35 and determined that it was without jurisdiction to grant the requested relief.

"[T]he filing of a motion to correct a final sentencing judgment that is beyond the reach of either Rules 35 or 36, a post-conviction relief petition, or a *habeas corpus* claim, merely begs alms from a trial court whose jurisdiction is depleted." Cox v. State, 53 S.W.3d 287, 293 (Tenn. Crim. App. 2001), overruled on other grounds by Moody v.

---

[2]    The Sentencing Commission Comments to Code section 40-35-212 as relevant here provide as follows:

Subsections (c) and (d) provide that the judge has full discretion to modify the terms and conditions of any sentence unless the defendant has been sentenced to the [TDOC]. There are two exceptions. First, the trial judge may modify the sentence for a defendant sentenced to the [TDOC] where the defendant is awaiting transportation to the [TDOC]. Second, as provided in [Code section] 40-35-319(b), sentences may be modified pursuant to Tenn. R. Crim. P. 35(b), which permits modifications within 120 days of sentencing.

[3]    We have reordered the Defendant's arguments for clarity.

- 3 -

State, 160 S.W.3d 512, 515-16 (Tenn. 2005). A motion which seeks the correction of a sentence but does not seek post-conviction relief or argue that the sentence is illegal may generally only be considered by a trial judge as either a Rule 35 motion to reduce a sentence or a Rule 36 motion to "correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Id. (citing Tenn. R. Crim. P. 35, 36). The Defendant's "Motion to Amend Sentence for Violation of the [Fourteenth] Amendment Equal Protection of the Law" did not seek post-conviction relief pursuant to the Post-Conviction Procedure Act, nor was it styled as a habeas corpus claim, and though the Defendant cursorily referenced a constitutional violation, such violation was not argued in his motion. The Defendant cited to one case in the body of his motion, State v. Harney, No. M2003-03004-CCA-R3-CD, 2005 WL 94462 (Tenn. Crim. App. Jan 12, 2005), which, among other issues, considered a defendant's Rule 35 claim.[4] The Defendant also appended a copy of Code section 40-35-212 to his motion, on which he emphasized subsection (d)(1). This, in addition to the Defendant's request that the trial court either "grant me [six] months of my probation time or somehow grant me [six] months of time to be deducted off my sentence," supports the trial court's consideration of the Defendant's motion under Rule 35.

The Defendant also contends that the trial court retained jurisdiction to consider the merits of his motion, notwithstanding its untimeliness, pursuant to Code section 40-35-212(d)(1). The Defendant argues that he is "a TDOC inmate held at a county jail . . . that is not contracted with TDOC." The State responds that the record is devoid of any evidence to prove that the Defendant "was awaiting transfer to TDOC at the time of the motion's filing," so the Defendant has failed to establish that the trial court retained jurisdiction.

Local jails may contract to house TDOC inmates to alleviate overcrowding in TDOC facilities, see T.C.A. § 4-3-603(b), and where a defendant is sentenced to the TDOC but is housed in a local jail that has so contracted, the trial court is without jurisdiction to modify the defendant's sentence, State v. McGill, No. E2013-02069-CCA-R3-CD, 2014 WL 2854174, at *2 (Tenn. Crim. App. June 20, 2014). In this case, the trial court ordered the Defendant to serve the balance of his sentence in the TDOC, but

---

[4]     In his initial motions, the Defendant appended a copy of State v. Harney in which he emphasized the trial court's conclusion that there was "a violation of Equal Protection due to disparity in the credit programs in the various county jails in the State and the lack of credit programs in the Giles County [j]ail" and ordered the sheriff to "make an effort to have these [TDOC] inmates now housed at the Giles County jail transferred to a [TDOC] as soon as possible." Harney, 2005 WL 94462, at *1. However, the Defendant did not present any other arguments about the Equal Protection Clause in his motion, and he does not raise the argument on appeal, instead contending that it was "blatantly obvious" that his motion "was not pursuant to [Rule] 35." The Defendant does not state how the trial court should have considered his motion, and though we generally afford *pro se* litigants leniency in briefing, we will not articulate the Defendant's arguments for him. State v. Benson, No. W2017-01276-CCA-R3-CD, 2018 WL 4562928, at *3 (Tenn. Crim. App. Sept. 21, 2018) (citing Chiozza v. Chiozza, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009)). Regardless, the basis of the defendant's appeal in Harney was that the trial court had abused its discretion in not reducing his sentence more by more than six months under Rule 35, which supports the trial court's consideration of the Defendant's motion under Rule 35.

the Defendant is being housed in the Knox County jail. As the State notes, the Defendant introduces no proof to corroborate his allegation that the Knox County jail is not contracted with the TDOC to house TDOC inmates pursuant to Code section 4-3-603(b), nor does he demonstrate that his being housed in the Knox County jail is unlawful. Given the paucity of the record in this case and because we conclude below that regardless of jurisdiction, the trial court was without the ability to grant the relief the Defendant sought, we need not determine whether the trial court maintained jurisdiction to consider the Defendant's Rule 35 motion under Code section 40-35-212(d)(1).

The Defendant requested that the trial court reduce his sentence by six months in consideration of the time he "had successfully completed on probation due to the lack of opportunity to earn sentence reduction credits while I have been held in Knox County jail pending transfer to the [TDOC]," but claims that a defendant has been unlawfully denied sentence reduction credits are appropriately addressed to the TDOC via the Uniform Administrative Procedures Act. See T.C.A. § 4-5-101 et seq.; see also State v. Green, No. E2020-00968-CCA-R3-CD, 2021 WL 5578142, at *4 (Tenn. Crim. App. Nov. 30, 2021) (Williams, P.J., concurring) (collecting cases), no perm. app. filed; State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997) ("Generally, once an inmate is in the custody of [T]DOC, the proper avenue to address sentence reduction credits is through the Administrative Procedures Act."). Similarly, the power to reduce the Defendant's sentence by applying sentence reduction credits lies with the TDOC rather than the Knox County sheriff, as "the TDOC is responsible for calculating release eligibility dates for TDOC prisoners, regardless of where they are actually confined." Shorts v. Bartholomew, 278 S.W.3d 268, 279 (Tenn. 2009). Thus, even if it maintained jurisdiction to consider the Defendant's Rule 35 motion, the trial court was nevertheless unable to grant the relief he sought.

Finally, we are unable to review any claim that the Defendant's current arrangement runs afoul of his plea agreement's terms because the record does not memorialize those terms. See State v. Ballard, 855 S.W.2d 557, 561 ("Absent the necessary relevant material in the record[,] an appellate court cannot consider the merits of an issue.") (citing Tenn. R. App. P. 24(b)). Therefore, we are bound by the trial court's conclusion that "[t]here is no indication that the [TDOC] is failing to credit the [D]efendant with any time [to] which he is entitled under the law. The plea agreement did not dictate[] what credits he would receive should he have to serve the sentence, other than pre-trial jail credit." See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993) ("In the absence of a record adequate for review, this court must presume that the trial judge ruled correctly.").

Accordingly, we affirm the judgment of the trial court.

D. KELLY THOMAS, JR., SPECIAL JUDGE