IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 16, 2025

## STATE OF TENNESSEE v. MARCUS ANTHONY PEARSON

**Appeal from the Criminal Court for Davidson County**
**No. 2007-C-1912    Khadija L. Babb, Judge**

_____

### No. M2025-00031-CCA-R3-CD

_____

The Defendant, Marcus Anthony Pearson, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Defendant argues that the trial court did not sufficiently set forth findings of fact and conclusions of law with regard to each argument raised in his Rule 36.1 motion. Additionally, the Defendant contends that his consecutive sentences are illegal because he was not resentenced in accordance with this court's prior order, and as such, adequate *Wilkerson* findings were never made to support the imposition of consecutive sentences. Lastly, he claims the amended judgment forms were not entered in a timely fashion. After review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

KYLE A. HIXSON, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Marcus Anthony Peason, Wartburg, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Christopher Buford, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I.    FACTUAL AND PROCEDURAL HISTORY

Based upon events that took place on April 15, 2006, a Davidson County jury convicted the Defendant of one count of first degree premeditated murder, two counts of first degree felony murder, and two counts of attempted first degree murder. *State v. Pearson*, No. M2007-02826-CCA-R3-CD, 2009 WL 1616678, at *1 (Tenn. Crim. App.

June 10, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009). Thereafter, the Defendant was sentenced to life imprisonment for the first degree murder conviction, a conviction into which both of the felony murder convictions were merged. *Id.* He received twenty years for each of the attempted first degree murder convictions, which were to be served concurrently with each other but consecutively to the life sentence for a total effective sentence of life plus twenty years. *Id.*

On direct appeal, this court affirmed the Defendant's convictions but concluded that the trial court committed plain error[1] when it ordered consecutive sentences based upon the Defendant's being a dangerous offender without making the required findings pursuant to *State v. Wilkerson*, 905 S.W.2d 993, 939 (Tenn. 1995) ("[T]he imposition of consecutive sentences on an offender found to be a dangerous offender requires, in addition to the application of general principles of sentencing, the finding that an extended sentence is necessary to protect the public against further criminal conduct by the defendant and that the consecutive sentences must reasonably relate to the severity of the offenses committed."). *Pearson*, 2009 WL 1616678, at *13. This court remanded the case for "resentencing solely on the issue of consecutive sentences[.]" *Id.*

The trial court held a resentencing hearing on December 3, 2009, during which it stated "[t]hat an extended sentence [was] necessary to protect the public against further criminal conduct by the [D]efendant" and that "the offenses were very serious and very severe, so the [consecutive] sentence [did] reasonably relate to the severity of the offenses." The Defendant was present and represented by counsel at this hearing.

On June 30, 2011, the Defendant filed his first petition for post-conviction relief. *Pearson v. State*, No. M2012-01529-CCA-R3-PC, 2013 WL 1912586, at *1 (Tenn. Crim. App. May 8, 2013), *no perm. app. filed*. The post-conviction court dismissed the petition as time-barred, calculating the statute of limitations from June 10, 2009, the date this court's direct appeal opinion was filed. *Id.* at *2. The Defendant appealed the timeliness determination. *Id.* On appeal, this court observed that the Defendant's case was remanded for resentencing by this court's June 10, 2009 opinion and that the supreme court denied permission to appeal that decision on October 19, 2009. *Id.* This court explained that while the October 2009 denial "would have [normally] been [the] date of the final action of the highest court[,]" the date from which to calculate the post-conviction statute of limitations in this case was from the date the resentencing occurred and the new sentence was imposed.

---

[1] The Defendant and his brother, Elvin Pearson, were convicted in a joint trial. Although it was Elvin Pearson, not the Defendant, who raised the *Wilkerson* issue on appeal, this court nonetheless conducted a plain error review regarding the Defendant's consecutive sentences.

*Id.* Finding no judgment forms or any other information in the record to reflect the date of resentencing, this court remanded the case to the post-conviction court for "an evidentiary hearing to determine the timeliness of the petition for post-conviction relief." *Id.* This court further noted that it could not determine from the record whether "a resentencing hearing was ever conducted in this matter in accordance with [this court's prior] order in the [Defendant's] direct appeal." *Id.* at *2 n.3. We instructed the post-conviction court to "make such an inquiry and request a copy of such judgments, if they exist[ed]" because such judgment forms were required to determine the timeliness of the Defendant's post-conviction petition. *Id.*

On August 22, 2013, the trial court entered amended judgment forms, reflecting the same partial consecutive sentences and total effective sentence of life plus twenty years. On the judgment form for the first degree murder conviction, the trial court noted that the judgment form was amended to comply with the opinion of this court and that a resentencing hearing occurred on December 3, 2009.

The Defendant's post-conviction claims, which included several allegations of ineffective assistance of counsel, were then heard on the merits. *Pearson v. State*, No. M2015-01159-CCA-R3-PC, 2016 WL 2779229, at *1 (Tenn. Crim. App. May 13, 2016), *perm. app. denied* (Tenn. Oct. 19, 2016). Ultimately, the post-conviction court denied relief, and this court affirmed the post-conviction court's judgment. *Id.*

On October 3, 2023, the Defendant filed the instant pro se motion to correct an illegal sentence, alleging therein that his effective sentence of life plus twenty years was illegal because a resentencing hearing was never held, and as such, the trial court never made the requisite *Wilkerson* findings to impose consecutive sentences. Counsel was appointed for the Defendant, and the trial court orally ruled on the motion on December 3, 2024. At the beginning of the hearing, the trial court explained that it had reviewed the trial, original sentencing hearing, and resentencing hearing transcripts, and this court's opinions regarding the Defendant's various appeals. The trial court found that resentencing had taken place at a hearing on December 3, 2009. It repeated the findings made by the trial court at the resentencing hearing regarding the Defendant's being a dangerous offender and found that, although it characterized these findings as "bare-bones," the *Wilkerson* requirements were met. As such, the trial court ruled that the Defendant's sentence was not illegal and denied his motion. On January 7, 2025, the trial court filed a written order memorializing its ruling. This timely appeal followed.

## II.  ANALYSIS

On appeal, the Defendant, pro se, argues that the trial court's order denying his Rule 36.1 motion was insufficient for failing to set forth findings of fact and conclusions of law with regard to each argument raised in his Rule 36.1 motion.  Substantively regarding his claim of an illegal sentence, he avers that his consecutive sentences are illegal because he was not resentenced in accordance with this court's prior order, and as such, adequate *Wilkerson* findings were never made to support the imposition of consecutive sentences. He also submits that the amended judgment forms do not comply with the timing requirement of Tennessee Code Annotated section 40-35-209(e)(1) ("After the defendant is sentenced, the district attorney general shall complete and file within thirty (30) days the uniform judgment document for the conviction.").  The State contends the trial court properly denied the Defendant's Rule 36.1 motion and the Defendant is not entitled to relief.

Tennessee Rule of Criminal Procedure 36.1 provides a mechanism for a defendant or the State to seek correction of an illegal sentence.  Tenn. R. Crim. P. 36.1(a); *State v. Brown*, 479 S.W.3d 200, 208-09 (Tenn. 2015).  An illegal sentence under this rule is "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a)(2).  The term "illegal sentence" "is synonymous with the habeas corpus concept of a 'void' sentence."  *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), *overruled on other grounds by Moody v. State*, 160 S.W.3d 512 (Tenn. 2005).  "[I]f the [trial] court determines that the sentence is not an illegal sentence, the [trial] court shall file an order denying the motion."  Tenn. R. Crim. P. 36.1(c)(1).  We review the lower courts' constructions of Rule 36.1 de novo with no presumption of correctness.  *Brown*, 479 S.W.3d at 205.

Sentencing errors are divided "into three categories—clerical errors, appealable errors, and fatal errors."  *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015).  Clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document[.]"  *Id.*  Appealable errors are those "for which the Sentencing Act specifically provides a right of direct appeal[,]" and generally involve challenges to "sufficiency of the evidence supporting a conviction" or "attacks on the correctness of the methodology by which a trial court imposes a sentence."  *Id.*  Fatal errors are "so profound as to render the sentence illegal and void."  *Id.*  Only fatal errors render a sentence illegal and entitle a defendant to relief under Rule 36.1.  *Id.*

First, regarding the adequacy of the trial court's order denying the Defendant's Rule 36.1 motion, we observe that subsection (e) of Rule 36.1 states, "An order granting or denying a motion filed under this rule shall set forth the court's findings of fact and conclusions of law as to the matters alleged in the motion." The purpose of this requirement is to "facilitate appellate review." *State v. Jones*, No. W2017-00145-CCA-R3-CD, 2017 WL 3841371, at *2 (Tenn. Crim. App. Aug. 31, 2017) (quoting Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmts.). Here, the trial court made an oral ruling denying the Defendant's motion at the December 3, 2024 proceeding. Thereafter, the trial court's January 7, 2025 written order outlined the factual background of the Defendant's case, restated the Defendant's argument as presented in the motion, and noted the materials it reviewed in reaching its decision before the trial court concluded that a resentencing hearing took place and that the Defendant's sentences were not illegal. This order sufficiently meets the requirements of Rule 36.1(e) for findings of fact and conclusions of law and is adequate to facilitate our review.

Second, the trial court determined that this court's previous order for resentencing had been complied with when the Defendant was resentenced on December 3, 2009, and that the trial court, albeit it in short order, assessed the requisite *Wilkerson* factors at that time. Rule 36.1 is not an alternative mechanism to challenge the findings of the trial court. *See Cantrell v. Easterling*, 346 S.W.3d 445, 451 (Tenn. 2011) (holding in the context of a habeas corpus proceeding that errors in the trial court's factual findings are appealable errors rather than fatal errors), *superseded by rule on other grounds*, Tenn. R. Crim. P. 36.1; *Wooden*, 478 S.W.3d at 594-95 ("[T]he definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context."). Importantly, whether the trial court complied with *Wilkerson* is merely an appealable error and does not render the Defendant's sentences illegal. *See State v. Moses*, No. W2019-01219-CCA-R3-CD, 2020 WL 4187317, at *4 (Tenn. Crim. App. July 20, 2020) ("A failure to make required findings in support of consecutive sentencing is not a fatal error that would render the sentences illegal and entitle the [defendant] to . . . Rule 36.1 relief.") (first citing *Cantrell*, 346 S.W.3d at 454-55; and then citing *Williams v. State*, No. 01C01-9506-Cr-00190, 1996 WL 233982, at *5 (Tenn. Crim. App. May 9, 1996)).

Furthermore, regarding the Defendant's issue that the trial court failed to enter the amended judgment forms in a timely fashion, we note that the Defendant did not argue this issue in his motion to correct an illegal sentence but that it was later raised by the Defendant in a pro se brief filed with the trial court. However, this brief was filed at a time when the Defendant was represented by counsel. And, counsel stated at the conclusion of the December 3, 2024 proceeding that he had nothing further to present on behalf of the

Defendant, despite the timing requirements for filing amended judgment forms not being raised or discussed. It has long been the rule that a criminal defendant has the right to representation by counsel or to proceed pro se, but not both simultaneously. *State v. Hester*, 324 S.W.3d 1, 31 (Tenn. 2010); *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976). We will not address issues raised for the first time on appeal. *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995). Because the issue was not properly raised in the trial court, it is, therefore, waived. Nonetheless, we briefly observe that, although the amended judgment forms were not entered until 2013 despite resentencing occurring in 2009, the State is correct that this does not rise to the level of a fatal error, as it did not alter the Defendant's sentence in any way. *See Brown*, 479 S.W.3d at 212 (holding that a trial court's erroneous failure to comply with a statute did not render the defendant's sentence illegal when it did not alter the sentence in any way).

Following our de novo review, we agree with the trial court that nothing in the record indicates the Defendant is serving an illegal sentence. The Defendant has failed to show that his sentences were "not authorized by the applicable statutes" or that they "directly contravene[] an applicable statute." *See* Tenn. R. Crim. P. 36.1(a)(2). As the record is devoid of any fatal errors, the Defendant's sentence is not illegal, and denial of his motion was required. *See Wooden*, 478 S.W.3d at 595; Tenn. R. Crim. P. 36.1(c)(1).

### III.    CONCLUSION

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE
